**C.A. No. 26-10936**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

AMERICAN SECURITIES ASSOCIATION AND CITADEL SECURITIES LLC,

*Petitioners*,

v.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

*Respondent*.

On Petition for Review of an Order of the
United States Securities and Exchange Commission
SEC Release No. 34-105003

**CONSOLIDATED AUDIT TRAIL, LLC'S
UNOPPOSED MOTION FOR LEAVE TO INTERVENE**

<div style="display:flex">

Gregory M. Boyle
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 527-0484

Ian Heath Gershengorn
  *Counsel of Record*
Elizabeth B. Deutsch
Jonathan J. Marshall
Sophia W. Montgomery
Anne S. Warnke
JENNER & BLOCK LLP
1099 New York Avenue, NW,
  Suite 900
Washington, DC 20001
(202) 639-6000
igershengorn@jenner.com

</div>

*American Securities Ass'n, et al. v. United States SEC*, No. 26-10936

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Undersigned counsel represents Proposed Intervenor Consolidated Audit Trail, LLC.  Pursuant to Eleventh Circuit Rule 26.1-1 through -3 and Federal Rule of Appellate Procedure 26.1, undersigned counsel hereby certifies that, to the best of his knowledge, the following persons and entities have an interest in this case:

1. 24X National Exchange LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

2. American Securities Association, *Petitioner*;

3. Borse Dubai Limited, *Owner of 10% or Greater Interest in Nasdaq, Inc.*;

4. BOX Exchange LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

5. Boyle, Gregory M., *Counsel for Proposed Intervenor Consolidated Audit Trail, LLC*;

6. Cboe BYX Exchange, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

7. Cboe BZX Exchange, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

8. Cboe C2 Exchange, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

9. Cboe EDGA Exchange, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

10. Cboe EDGX Exchange, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

*American Securities Ass'n, et al. v. United States SEC*, No. 26-10936

11. Cboe Exchange, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

12. Cboe Global Markets, Inc. (BATS: CBOE), *Indirect Owner of 10% or Greater Interest in Proposed Intervenor Consolidated Audit Trail, LLC, and Direct or Indirect Parent Company of Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc.*;

13. Citadel Securities GP LLC, *Parent Company of Petitioner*;

14. Citadel Securities LLC, *Petitioner*;

15. Connolly, J. Michael, *Counsel of Record for Petitioner American Securities Association*;

16. Consolidated Audit Trail, LLC, *Proposed Intervenor*;

17. Consovoy McCarthy PLLC, *Counsel for Petitioner American Securities Association*;

18. Deutsch, Elizabeth B., *Counsel for Proposed Intervenor Consolidated Audit Trail, LLC*;

19. Dinkel, Christopher S., *Counsel for Petitioner Citadel Securities LLC*;

20. Financial Industry Regulatory Authority, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

21. Francisco, Noel J., *Counsel of Record for Petitioner Citadel Securities LLC*;

22. Gershengorn, Ian Heath, *Counsel of Record for Proposed Intervenor Consolidated Audit Trail, LLC*;

23. Intercontinental Exchange, Inc. (NYSE: ICE), *Indirect Owner of 10% or Greater Interest in Proposed Intervenor Consolidated Audit Trail, LLC, and Indirect Parent Company of New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE National, Inc., and NYSE Texas, Inc.*;

*American Securities Ass'n, et al. v. United States SEC*, No. 26-10936

24. International Securities Exchange Holdings, Inc., *Parent Company of Nasdaq GEMX, LLC, Nasdaq ISE, LLC, and Nasdaq MRX, LLC*;

25. Investor AB (Nasdaq Stockholm: INVE B), *Owner of 10% or Greater Interest in Nasdaq, Inc.*;

26. Investors Exchange LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

27. Jenner & Block LLP, *Counsel for Proposed Intervenor Consolidated Audit Trail, LLC*;

28. Jones Day, *Counsel for Petitioner Citadel Securities LLC*;

29. Long-Term Stock Exchange, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

30. Lucas, Brinton, *Counsel for Petitioner Citadel Securities LLC*;

31. Marshall, Jonathan J., *Counsel for Proposed Intervenor Consolidated Audit Trail, LLC*;

32. MEMX LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

33. Miami International Holdings, Inc. (NYSE: MIAX), *Indirect Owner of 10% or Greater Interest in Proposed Intervenor Consolidated Audit Trail, LLC, and Indirect Parent Company of Miami International Securities Exchange LLC, MIAX Emerald, LLC, MIAX PEARL, LLC, and MIAX Sapphire, LLC*;

34. Miami International Securities Exchange LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

35. MIAX Emerald, LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

36. MIAX PEARL, LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

*American Securities Ass'n, et al. v. United States SEC*, No. 26-10936

37.  MIAX Sapphire, LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

38.  Montgomery, Sophia W., *Counsel for Proposed Intervenor Consolidated Audit Trail, LLC*;

39.  Nasdaq GEMX, LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

40.  Nasdaq, Inc. (Nasdaq: NDAQ), *Parent Company of Nasdaq PHLX LLC, Nasdaq Texas, LLC, and The Nasdaq Stock Market LLC*;

41.  Nasdaq ISE, LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

42.  Nasdaq MRX, LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

43.  Nasdaq PHLX LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

44.  Nasdaq Texas, LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

45.  New York Stock Exchange LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

46.  NYSE American LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

47.  NYSE Arca, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

48.  NYSE National, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

49.  NYSE Texas, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

50.  Phillips, David, *Counsel for Petitioner Citadel Securities LLC*;

51.  Rabbitt, Brian C., *Counsel for Petitioner Citadel Securities LLC*;

*American Securities Ass'n, et al. v. United States SEC*, No. 26-10936

52.    Templin, Hannah, *Counsel for Petitioner Citadel Securities LLC*;

53.    The Nasdaq Stock Market LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

54.    The Vanguard Group, Inc., *Owner of 10% or Greater Interest in Cboe Global Markets, Inc., and Owner of 10% or Greater Interest in Nasdaq, Inc.*;

55.    United States Securities and Exchange Commission, *Respondent*;

56.    Warnke, Anne S., *Counsel for Proposed Intervenor Consolidated Audit Trail, LLC*.

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through -3, undersigned counsel for Proposed Intervenor Consolidated Audit Trail, LLC, hereby certifies that Consolidated Audit Trail, LLC, has no parent corporation, and that the following four publicly held companies have an indirect ownership interest in Consolidated Audit Trail, LLC, of 10% or more: Cboe Global Markets, Inc. (BATS: CBOE); Intercontinental Exchange, Inc. (NYSE: ICE); Nasdaq, Inc. (Nasdaq: NDAQ); and Miami International Holdings, Inc. (NYSE: MIAX).

Date:  April 1, 2026

*/s/ Ian Heath Gershengorn*
Ian Heath Gershengorn

*Counsel of Record for Proposed Intervenor Consolidated Audit Trail, LLC*

**UNOPPOSED MOTION FOR LEAVE TO INTERVENE**

On March 24, 2026, petitioners American Securities Association and Citadel Securities LLC filed a petition for review of an order of the Securities and Exchange Commission (SEC) approving, on a temporary basis, a revised funding model related to the National Market System Plan Governing the Consolidated Audit Trail. C.A. Doc. 1-2; *see* Order Approving an Amendment to the National Market System Plan Governing the Consolidated Audit Trail, as Modified by the Commission, Regarding Implementation of a Revised Funding Model, Exchange Act Release No. 105,003, 91 Fed. Reg. 13,410 (Mar. 19, 2026) (2026 Temporary Funding Order). Pursuant to Federal Rule of Appellate Procedure 15(d) and Eleventh Circuit Rule 15-4, Consolidated Audit Trail, LLC (CAT LLC), moves to intervene in support of the SEC. The SEC has indicated that it does not oppose this motion, and petitioners have indicated that they take no position.

For the reasons discussed herein, this Court should grant CAT LLC's motion to intervene. This Court has twice before allowed CAT LLC to intervene in litigation brought by one or both of the same petitioners in cases challenging related regulatory actions by the SEC. CAT LLC has a substantial interest in the subject matter of this petition for review and meets all of the established criteria for intervention.

1

## BACKGROUND

A.   "'[S]elf-regulatory organizations,'" or "SROs," have a "prominent role in the administration and enforcement of federal securities laws." *Turbeville v. FINRA*, 874 F.3d 1268, 1270 (11th Cir. 2017).  In 2012, the SEC adopted Rule 613 of Regulation NMS, which required certain SROs to submit a "national market system plan," or "NMS plan," to maintain a consolidated audit trail (CAT) that would collect information relating to orders, trades, customers, and customer accounts in U.S. equities and options markets.  *See* Consolidated Audit Trail, Exchange Act Release No. 67,457, 77 Fed. Reg. 45,722, 45,722-23 (Aug. 1, 2012); *see also Am. Sec. Ass'n v. U.S. SEC*, 147 F.4th 1264, 1269 (11th Cir. 2025) (*ASA I*) (CAT is "a single electronic system for gathering and maintaining [trading] data across all the [SROs]").  The SEC approved the plan proposed by the SROs, called the "CAT NMS Plan," in 2016.  *See* Order Approving the National Market System Plan Governing the Consolidated Audit Trail, Exchange Act Release No. 79,318, 81 Fed. Reg. 84,696 (Nov. 23, 2016) (2016 CAT NMS Plan Order).

The SROs participating in the CAT jointly own CAT LLC, which was formed to conduct the activities of the CAT.  *See* Notice of Filing of the National Market System Plan Governing the Consolidated Audit Trail, Exchange Act Release No. 77,724, 81 Fed. Reg. 30,614, 30,618 (May 17, 2016).[1]  In the parlance of the CAT,

---

[1]  CAT activities were initially conducted through CAT NMS, LLC, the predecessor

these SROs are called "Participants," but for simplicity, this motion will refer to them as "the SROs." *Id.*[2]

B. The CAT NMS Plan provides that, subject to certain general funding principles, broker-dealers (like petitioner Citadel and members of petitioner American Securities Association) will be jointly responsible, along with the SROs, for funding the CAT. *See ASA I*, 147 F.4th at 1271; Order Approving an Amendment to the National Market System Plan Governing the Consolidated Audit Trail, Exchange Act Release No. 98,290, 88 Fed. Reg. 62,628, 62,628 (Sept. 12, 2023) (2023 Funding Order). The SEC's 2016 order approving the CAT NMS Plan "left the decision on many funding details to be determined at a later date; the Order did not specify the percentage that [SROs] and broker-dealers would pay, but it instead stated that

---

entity to CAT LLC. *See* Notice of Filing and Immediate Effectiveness of Amendment to the National Market System Plan Governing the Consolidated Audit Trail, Exchange Act Release No. 87,149, 84 Fed. Reg. 52,905, 52,906 (Oct. 3, 2019). The CAT NMS Plan was itself the limited-liability-company agreement governing CAT NMS, LLC, and is now the limited-liability-company agreement governing CAT LLC. *See id.*

[2] The current SRO Participants are: 24X National Exchange LLC; BOX Exchange LLC; Cboe BYX Exchange, Inc.; Cboe BZX Exchange, Inc.; Cboe C2 Exchange, Inc.; Cboe EDGA Exchange, Inc.; Cboe EDGX Exchange, Inc.; Cboe Exchange, Inc.; Financial Industry Regulatory Authority, Inc.; Investors Exchange LLC; Long-Term Stock Exchange, Inc.; MEMX LLC; Miami International Securities Exchange, LLC; MIAX Emerald, LLC; MIAX PEARL, LLC; MIAX Sapphire, LLC; Nasdaq GEMX, LLC; Nasdaq ISE, LLC; Nasdaq MRX, LLC; Nasdaq PHLX LLC; Nasdaq Texas, LLC; The Nasdaq Stock Market LLC; New York Stock Exchange LLC; NYSE American LLC; NYSE Arca, Inc.; NYSE National, Inc.; and NYSE Texas, Inc.

'fee proposals later will be separately filed with the Commission by the [SROs]'" to collect brokers-dealers' share. *ASA I*, 147 F.4th at 1271 (quoting 2016 CAT NMS Plan Order, 81 Fed. Reg. at 84,794). Neither petitioners nor any other party challenged the 2016 order approving the CAT NMS Plan and making clear that broker-dealers would share responsibility, alongside the SROs, for funding the CAT.

As a result, all of the costs of creating, developing, and maintaining the CAT were shouldered entirely by the SROs alone (in exchange for promissory notes from CAT LLC) between 2012 and 2024—to the tune of over $900 million in interest-free loans. *See* Letter from Brandon Becker, Chair, CAT NMS Plan Operating Comm., to Vanessa Countryman, Sec'y, SEC 2-3 (June 13, 2024), https://www.catnmsplan.com/sites/default/files/2024-07/CAT%20LLC-Response-to-Comments-Historical-CAT-Assessment-1-%286.13.2024%29.pdf; Consol. Audit Trail, LLC, 2024 Financial and Operating Budget—Mid-Year Update—July 2024 (July 31, 2024), https://www.catnmsplan.com/sites/default/files/2024-08/07.31.24-CAT-LLC-2024-Financial_and_Operating-Budget.pdf. The SROs undertook this burden based on the unequivocal commitment that those costs would ultimately be shared by broker-dealers through the imposition of CAT fees. *See* 2016 CAT NMS Plan Order, 81 Fed. Reg. at 84,794.

In September 2023, the SEC issued an order approving an amendment to the CAT NMS Plan that revised the funding model to finally apportion CAT costs

among the SROs and broker-dealers.  *See ASA I*, 147 F.4th at 1272; 2023 Funding Order, 88 Fed. Reg. at 62,628-29.  The revised funding model would "base[] the CAT fees on executed share volume" and "divide[] costs evenly between the three entities who have primary roles in a transaction: (1) the buy-side executing broker, (2) the sell-side executing broker, and (3) the [SRO] involved in the transaction." *ASA I*, 147 F.4th at 1272 (internal quotation marks omitted).  Pursuant to the 2023 Funding Order, CAT LLC began collecting CAT-related fees from broker-dealers, both to cover certain historical CAT expenditures and to cover the ongoing costs of operating the CAT.  *See id.*

C.   The same two petitioners that challenge the 2026 Temporary Funding Order also challenged the 2023 Funding Order in this Court.  *See ASA I*, 147 F.4th at 1273.  This Court permitted CAT LLC to intervene in *ASA I* in support of the SEC's position that the 2023 Funding Order was not arbitrary and capricious.  *See* Order at 2, *ASA I*, 147 F.4th 1264 (No. 23-13396), ECF No. 48-2.  Petitioners sought a stay and an injunction in *ASA I* to prohibit the SROs from collecting CAT-related fees under the authority of the 2023 Funding Order during the pendency of the litigation. *See* Opposed Time-Sensitive Motion for Stay and Injunctive Relief, *ASA I*, 147 F.4th 1264 (No. 23-13396), ECF No. 112-1.  CAT LLC opposed the stay, explaining (*inter alia*) that the CAT would continue to run and incur costs even if the funding model were stayed, making it highly inequitable to force the SROs to continue to bear the

5

costs alone after already doing so for so many years. *See* Intervenor Consolidated Audit Trail, LLC's Opposition to Petitioners' Motion for Stay and Injunctive Relief at 18-21, *ASA I*, 147 F.4th 1264 (No. 23-13396), ECF No. 119. This Court denied the motion for a stay and an injunction. Order at 2, *ASA I*, 147 F.4th 1264 (No. 23-13396), ECF No. 134.

A panel of this Court ultimately vacated the 2023 Funding Order on narrow grounds. *ASA I*, 147 F.4th at 1269. The panel concluded that (i) the order's "allocation of costs violate[d] the Administrative Procedure Act" because the SEC "did not explain or justify its decision to allow the entirety of CAT costs to be borne by broker-dealers" in the event SROs passed through their one-third share, *id.* at 1274; *see id.* at 1274-77; and (ii) the order's "economic analysis [wa]s deficient" because the SEC "failed to update its existing economic analysis" to account for changes in CAT costs and the funding model, *id.* at 1277; *see id.* at 1277-78. The panel stayed its judgment for 60 days following the issuance of the mandate to allow CAT LLC to continue collecting fees for a short period, in recognition of the fact that vacating the funding order would "leave[] the CAT without a mechanism for the equitable allocation of costs between [SROs] and broker-dealers." *Id.* at 1280; *see id.* at 1279-80. The stay lifted on November 29, 2025, *see* Mandate, *ASA I*, 147 F.4th 1264 (No. 23-13396), ECF No. 163-1, and CAT LLC ceased collection of CAT-related fees for trading activity after that date.

In short, the SROs alone bore all of the costs of creating, developing, and maintaining the CAT between 2012 and late 2024.  Under the 2023 Funding Order, the SROs were able to begin recouping some of their historical costs—and two-thirds of CAT's ongoing costs—by collecting fees on trading activity between September 2024 and November 2025.  Currently CAT LLC is not collecting CAT-related fees from broker-dealers.  The 2026 Temporary Funding Order restores CAT LLC's authority to collect CAT-related fees, consistent with the CAT NMS Plan and longstanding regulatory commitments.

D.   The 2026 Temporary Funding Order generally approves for an interim period a proposed amendment by CAT LLC to the CAT NMS Plan instating a revised funding model that addresses the issues identified by this Court in *ASA I*.  *See* 91 Fed. Reg. at 13,410-11.  Specifically, the 2026 Temporary Funding Order prohibits direct pass-through of SROs' one-third share, analyzes the effects of any indirect pass-through, and updates the economic analysis for the duration of the order. *See id.* at 13,421-25, 13,457-81.  As under the 2023 Funding Order, two-thirds of CAT costs are borne by broker-dealers (one-third by the buy-side broker-dealer in a particular trade and one-third by the sell-side broker-dealer) and one-third is borne by the SROs.  *See id.* at 13,412; *see also ASA I*, 147 F.4th at 1272.

The SEC approved the proposed amendment with an important modification: the 2026 Temporary Funding Order will only remain in place for approximately two

7

years.  Under the CAT NMS Plan as amended by the order, the SROs may not charge broker-dealers for CAT-related fees after March 31, 2028, "effectively end[ing] the collection of fees pursuant to the funding model . . . in two years absent further action by the [SEC]."  2026 Temporary Funding Order, 91 Fed. Reg. at 13,412.  According to the SEC, this limitation aligns with the agency's ongoing "comprehensive review of the CAT which is intended to include, among other things, its design and functionality, the scope of information it collects, and an examination of CAT costs."  *Id.* at 13,411; *see id.* at 13,411-12.  The order otherwise reaffirms the requirement—in place since the initial proposal of the CAT program in 2012—that CAT costs should be shared between SROs and broker-dealers.

E.   CAT LLC has twice before intervened in cases before this Court to defend SEC action related to the CAT.  As noted above, this Court granted CAT LLC's motion to intervene to defend the 2023 Funding Order—the predecessor order to the 2026 Temporary Funding Order petitioners challenge here.  In that case, CAT LLC followed the briefing schedule governing the other parties and timely filed a brief in support of the SEC.  *See* Response Brief for Intervenor Consolidated Audit Trail, LLC, *ASA I*, 147 F.4th 1264 (No. 23-13396), ECF No. 97.  CAT LLC also intervened in *Citadel Securities LLC v. U.S. SEC*, No. 24-12300 (11th Cir. docketed July 17, 2024), a case brought by petitioner Citadel challenging an SEC order granting exemptive relief regarding reporting to the CAT.  *See* Order at 2, *Citadel*, No. 24-

12300, ECF No. 34-2. *Citadel* is currently being held in abeyance. *See* Order at 2, *Citadel*, No. 24-12300, ECF No. 43.

## ARGUMENT

This Court should grant CAT LLC permission to intervene given its substantial interest in the subject matter of this petition for review. The SEC order at issue here is related to the orders at issue in *ASA I* and *Citadel*, two cases in which this Court previously permitted CAT LLC to intervene. The Court should follow that familiar approach here.

A. Federal Rule of Appellate Procedure 15(d) authorizes motions to intervene in proceedings seeking review of agency actions. Rule 15(d) requires that such motions "contain a concise statement of the interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d).

"No statute or rule provides a general standard to apply in deciding whether intervention on appeal should be allowed." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 276 (2022). Accordingly, courts consider "the policies underlying intervention in the district courts," *id.* at 277 (internal quotation marks omitted), including "the legal 'interest' that a party seeks to 'protect' through intervention on appeal," *id.* (quoting Fed. R. Civ. P. 24(a)(2)). Federal Rule of Civil Procedure 24(a)(2), in turn, provides that a court must permit intervention when a party "claims an interest relating to the property or transaction that is the subject of

9

the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[3]

B.   That this Court previously permitted CAT LLC to intervene in *ASA I* should be dispositive here.  The SEC order at issue in this case—the 2026 Temporary Funding Order—was issued upon remand to the agency after *ASA I* vacated the 2023 Funding Order.  Like the 2023 Funding Order at issue in *ASA I*, the SEC order at issue in this litigation was initially requested by CAT LLC before being granted by the SEC (though the order here was granted with a modification).  *See* 2023 Funding Order, 88 Fed. Reg. at 62,628; 2026 Temporary Funding Order, 91 Fed. Reg. at 13,411.  Like the 2023 order, the 2026 order substantially impacts the operation of CAT LLC and the interests of the SROs that own it by instituting a two-year funding model that enables the SROs to collect CAT-related fees from broker-dealers to share the costs of the CAT, under the cost-sharing principle to which the SEC has committed since the CAT's inception.  And like with the earlier order, petitioners' arguments here would threaten the ability of CAT LLC's owners to recoup hundreds of millions of dollars in costs already expended developing, operating, and

---

[3]  Rule 24(a) requires a "timely motion."  Fed. R. Civ. P. 24(a).  That requirement is satisfied here, as CAT LLC is filing its motion on April 1, 2026, "within 30 days after the petition for review [wa]s filed" on March 24, 2026.  Fed. R. App. P. 15(d).

10

maintaining the CAT system.  Indeed, it would be anomalous to refuse CAT LLC permission to participate in this case given its participation in *ASA I*.

Also relevant, CAT LLC is an intervenor in the currently pending challenge to the SEC action at issue in *Citadel*, which likewise involves the SEC's grant of a request by SROs and implicates SROs' ability to recoup CAT-related costs.  *See* Consolidated Audit Trail, LLC's Unopposed Motion for Leave to Intervene at 3-5, 7-8, *Citadel*, No. 24-12300, ECF No. 26; Order at 2, *Citadel*, No. 24-12300, ECF No. 34-2 (granting motion to intervene).  This Court should follow suit and grant CAT LLC's intervention here.

C.  In any event, CAT LLC satisfies the intervention standard on first principles.  CAT LLC plainly has a substantial legal interest in this appeal: CAT LLC submitted the request for the amendment to the CAT NMS Plan that is the subject of the SEC order under review; the order modifies the CAT NMS Plan, which serves as CAT LLC's limited-liability-company agreement; and, by seeking to invalidate the 2026 Temporary Funding Order, petitioners effectively ask this Court to deprive CAT LLC of its ability both to fund its operations on a prospective basis and to recover hundreds of millions of dollars in historical expenditures—costs the SEC has always required to be shared by the SROs and broker-dealers.[4]  CAT LLC thus

---

[4] To be sure, petitioners have not yet explained their challenge, but, as noted, the 2026 Temporary Funding Order is related to the 2023 Funding Order challenged by these same petitioners in *ASA I*.  There, petitioners sought not only vacatur of the

11

has a direct interest in the "transaction" at issue, Fed. R. Civ. P. 24(a)(2): an SEC order establishing a temporary funding model for CAT. And because the validity of the order will affect hundreds of millions of dollars in historical and prospective CAT-related costs, CAT LLC has an interest in "property" at issue here, as well. Fed. R. Civ. P. 24(a)(2). Accordingly, "disposing of th[is] action may as a practical matter impair or impede [CAT LLC's] ability to protect its interest." *Id.*

Indeed, this Court and other circuits routinely allow private parties to intervene in appeals from administrative agencies when the private party is the proponent or subject of the agency action under review. *See, e.g.*, *Autauga Cnty. Emergency Mgmt. Commc'n Dist. v. FCC*, 17 F.4th 88, 98 (11th Cir. 2021) (authorizing BellSouth and trade associations to intervene in appeal concerning fees that BellSouth would owe); *Ala. Envtl. Council v. Adm'r, U.S. EPA*, 711 F.3d 1277, 1284, 1292 (11th Cir. 2013) (authorizing Alabama Power to intervene in appeal of approval order benefiting Alabama Power); *All. for Fair Bd. Recruitment v. SEC*, 85 F.4th 226, 239 (5th Cir. 2023) (authorizing Nasdaq to intervene in appeal to defend SEC approval of rules proposed by The Nasdaq Stock Market LLC), *vacated on*

---

order (leaving CAT LLC with no funding mechanism), but also a stay of the order pending review (which would have had drastic and immediate consequences for CAT LLC), *see* pp. 5-6, *supra*, and a ruling from this Court that the entire CAT program is inconsistent with the Exchange Act, thus precluding any valid funding mechanism at any point in the future, *see ASA I*, 147 F.4th at 1273 ("First, the Association contends that because the CAT itself is unlawful, we must necessarily vacate the 2023 Funding Order.").

12

*grant of reh'g en banc*, No. 21-60626, 2024 WL 670403 (5th Cir. Feb. 19, 2024); *Cboe Futures Exch., LLC v. SEC*, 77 F.4th 971, 976 (D.C. Cir. 2023) (authorizing MGEX, a futures market participant, to intervene in appeal concerning order exempting MGEX from certain regulatory requirements); *Bloomberg L.P. v. SEC*, 45 F.4th 462, 465 (D.C. Cir. 2022) (authorizing the Financial Industry Regulatory Authority to intervene in appeal concerning reporting requirements that it proposed). Here, CAT LLC is both a proponent of the 2026 Temporary Funding Order and directly affected by it. For these reasons, CAT LLC should be permitted to intervene.

Further, the SEC does not adequately represent CAT LLC's interests. As the Supreme Court has made clear, this requirement "present[s] proposed intervenors with only a minimal challenge." *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 195 (2022). That "minimal challenge" is easily overcome when a private entity seeks to intervene on the side of the government. For example, in *Trbovich v. United Mine Workers of America*, 404 U.S. 528 (1972), the Supreme Court held that a union member was entitled to intervene in a lawsuit brought by the Secretary of Labor when the union member had filed the administrative complaint that triggered the lawsuit. *Id.* at 529-30. This was so notwithstanding that "[a]t a high level of abstraction, the union member's interest and the Secretary's might have seemed closely aligned." *Berger*, 597 U.S. at 196. The Court "acknowledged that the Secretary's

13

and the union member's interests were 'related,' but it emphasized that the interests were not 'identical'—the union member sought relief against his union, full stop; meanwhile, the Secretary also had to bear in mind broader public-policy implications." *Id.* (quoting *Trbovich*, 404 U.S. at 538-39).

Consistent with those principles, lower courts have routinely held that for purposes of Rule 24(a)(2), a private entity's "pecuniary interest" is "qualitatively different" from a government's "sovereign interests." *Huff v. Comm'r*, 743 F.3d 790, 800 (11th Cir. 2014); *see also Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736-37 (D.C. Cir. 2003) (noting that the D.C. Circuit has "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors," such as when the private intervenor "is seeking to protect a more narrow and 'parochial' financial interest not shared" more broadly (some internal quotation marks omitted)). As noted above, this case implicates financial obligations borne by CAT LLC and its owners rather than by the SEC, as well as the SROs' regulatory obligations. Moreover, the SEC "do[es] not have the same institutional knowledge" as CAT LLC itself regarding CAT LLC's operations, its finances, and the harms to the CAT program in the event the 2026 Temporary Funding Order were to be stayed or vacated. *Huff*, 743 F.3d at 800. As such, the SEC does not adequately represent CAT LLC's interests, warranting CAT LLC's participation as an intervenor.

D.   It follows that CAT LLC also satisfies the less demanding standard for permissive intervention, which requires showing only that the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B), and that the intervention will not "unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3). *See Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002). For the same reasons that CAT LLC has a substantial legal interest in the subject matter of this appeal, *see* pp. 11-12, *supra*, CAT LLC has a claim or defense that shares in the legal and factual questions likely to be raised in this case.

What's more, nothing significant has yet occurred in this case.  The petition for review was filed just last week, and there have been no other filings from the parties.  CAT LLC expects to advance arguments defending the 2026 Temporary Funding Order in a manner that generally aligns with the SEC (while adding CAT LLC's unique interests and knowledge), so CAT LLC's intervention will not add procedural complexity.  Nor will CAT LLC's intervention cause any delay.  CAT LLC will follow the same briefing schedule as the rest of the parties, just like it did in *ASA I* and has promised to do in *Citadel*.

## CONCLUSION

CAT LLC's motion for leave to intervene should be granted.

Respectfully submitted,

Date:  April 1, 2026

/s/ Ian Heath Gershengorn
Ian Heath Gershengorn
  *Counsel of Record*
Elizabeth B. Deutsch
Jonathan J. Marshall
Sophia W. Montgomery
Anne S. Warnke
JENNER & BLOCK LLP
1099 New York Avenue, NW,
  Suite 900
Washington, DC 20001
(202) 639-6000
igershengorn@jenner.com

Gregory M. Boyle
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 527-0484

*Counsel for Proposed Intervenor*
  *Consolidated Audit Trail, LLC*

16

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the word limit set forth in Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f), this motion contains **3,781** words.

I further certify that this motion complies with the typeface requirements set forth in Federal Rule of Appellate Procedure 27(d)(1)(E) and with the type-style requirements set forth in Federal Rule of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared using 14-point Times New Roman font in Microsoft Office Word 365.

Date:  April 1, 2026

*/s/ Ian Heath Gershengorn*
Ian Heath Gershengorn

*Counsel of Record for Proposed Intervenor Consolidated Audit Trail, LLC*

17

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system, which will send notice to all the parties.

Date:  April 1, 2026

*/s/ Ian Heath Gershengorn*
Ian Heath Gershengorn

*Counsel of Record for Proposed Intervenor Consolidated Audit Trail, LLC*

18