**No. 26-10936**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

_____

AMERICAN SECURITIES ASSOCIATION and CITADEL SECURITIES LLC,
Petitioners,

v.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,
Respondent.

_____

ON PETITION FOR REVIEW OF AN ORDER OF THE
UNITED STATES SECURITIES AND EXCHANGE COMMISSION
SEC RELEASE NO. 34-105003

_____

**UNOPPOSED MOTION FOR LEAVE TO INTERVENE BY
THE NASDAQ STOCK MARKET, LLC; NASDAQ GEMX,
LLC; NASDAQ ISE, LLC; NASDAQ MRX, LLC; NASDAQ
PHLX, LLC; AND NASDAQ TEXAS, LLC**

_____

Stephen J. Kastenberg
Paul Lantieri III
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
215.665.8500

*Counsel for Proposed Intervenors The
Nasdaq Stock Market, LLC; Nasdaq
GEMX, LLC; Nasdaq ISE, LLC; Nasdaq
MRX, LLC; Nasdaq PHLX, LLC; and
Nasdaq Texas, LLC*

*American Sec. Ass'n, et al. v. U.S. Sec. and Exch. Comm'n*, No. 26-10936

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-1, Movants The Nasdaq Stock Market, LLC; Nasdaq GEMX, LLC; Nasdaq ISE, LLC; Nasdaq MRX, LLC; Nasdaq PHLX, LLC; and Nasdaq Texas, LLC provide the following certificate of interested persons.

The undersigned counsel of record certify that the following listed persons and entities as described in Eleventh Circuit Rule 26.1-2 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1.  **24X National Exchange LLC**, subject to the challenged order as a member of Proposed Intervenor Consolidated Audit Trail, LLC ("CAT LLC")

2.  **American Securities Association**, Petitioner

3.  **Ballard Spahr LLP**, counsel for Movants The Nasdaq Stock Market, LLC; Nasdaq GEMX, LLC; Nasdaq ISE, LLC; Nasdaq MRX, LLC; Nasdaq PHLX, LLC; and Nasdaq Texas, LLC

4.  **Borse Dubai, Ltd.**, owner of 10% or more of Nasdaq, Inc.'s shares

5.  **BOX Exchange LLC**, subject to the challenged order as a member and participant of CAT LLC

6.  **Boyle, Gregory M.**, Jenner & Block LLP, counsel for Proposed Intervenor Consolidated Audit Trail, LLC

7.  **Cboe BYX Exchange, Inc.**, subject to the challenged order as a member

*American Sec. Ass'n, et al. v. U.S. Sec. and Exch. Comm'n*, No. 26-10936

and participant of CAT LLC

8.      **Cboe BZX Exchange, Inc.**, subject to the challenged order as a member and participant of CAT LLC

9.      **Cboe C2 Exchange, Inc.**, subject to the challenged order as a member and participant of CAT LLC

10.      **Cboe EDGA Exchange, Inc.**, subject to the challenged order as a member and participant of CAT LLC

11.      **Cboe EDGX Exchange, Inc.**, subject to the challenged order as a member and participant of CAT LLC

12.      **Cboe Exchange, Inc.**, subject to the challenged order as a member and participant of CAT LLC

13.      **Cboe Global Markets, Inc. (BATS: CBOE)**, indirect owner of 10% or more of interest in CAT LLC, and direct or indirect parent company of Cboe BYX Exchange, Inc.; Cboe BZX Exchange, Inc.; Cboe C2 Exchange, Inc.; Cboe EDGA Exchange, Inc.; Cboe EDGX Exchange, Inc.; and Cboe Exchange, Inc.

14.      **Citadel Securities GP LLC**, parent company of Petitioner Citadel Securities LLC

15.      **Citadel Securities LLC**, Petitioner

16.      **Connolly, J. Michael**, Consovoy McCarthy PLLC, counsel for Petitioner American Securities Association

17.      **Consolidated Audit Trail, LLC**, Proposed Intervenor

18.      **Consovoy McCarthy PLLC**, counsel for Petitioner American Securities Association

19.      **Deutsch, Elizabeth**, Jenner & Block LLP, counsel for Proposed Intervenor Consolidated Audit Trail, LLC

20.      **Dinkle, Christopher S.**, Jones Day, counsel for Petitioner Citadel Securities LLC

21.      **Financial Industry Regulatory Authority, Inc.**, subject to the challenged

*American Sec. Ass'n, et al. v. U.S. Sec. and Exch. Comm'n*, No. 26-10936

order as a member and participant of CAT LLC

22.  **Francisco, Noel J.**, Jones Day, counsel for Petitioner Citadel Securities LLC

23.  **Gershengorn, Ian Heath**, Jenner & Block LLP, counsel for Proposed Intervenor Consolidated Audit Trail, LLC

24.  **Intercontinental Exchange, Inc. (NYSE: ICE)**, indirect owner of 10% or more of interest in CAT LLC, and indirect parent of New York Stock Exchange LLC; NYSE American LLC; NYSE Arca, Inc; NYSE National, Inc.; and NYSE Texas, Inc.

25.  **International Securities Exchange Holdings, Inc.**, sole LLC member of Nasdaq GEMX, LLC; Nasdaq ISE, LLC; and Nasdaq MRX LLC

26.  **Investor AB**, owner of 10% or more of Nasdaq, Inc.'s shares

27.  **Investors' Exchange, LLC**, subject to the challenged order as a member and participant of CAT LLC

28.  **Jenner & Block LLP**, counsel for Proposed Intervenor Consolidated Audit Trail, LLC

29.  **Jones Day**, counsel for Petitioner Citadel Securities LLC

30.  **Kastenberg, Stephen J.**, Ballard Spahr LLP, counsel for Movants The Nasdaq Stock Market, LLC; Nasdaq GEMX, LLC; Nasdaq ISE, LLC; Nasdaq MRX, LLC; Nasdaq PHLX, LLC; and Nasdaq Texas, LLC

31.  **Lantieri III, Paul**, Ballard Spahr LLP, counsel for Movants The Nasdaq Stock Market, LLC; Nasdaq GEMX, LLC; Nasdaq ISE, LLC; Nasdaq MRX, LLC; Nasdaq PHLX, LLC; and Nasdaq Texas, LLC

32.  **Long-Term Stock Exchange, Inc.**, subject to the challenged order as a member and participant of CAT LLC

33.  **Lucas, Brinton**, Jones Day, counsel for Petitioner Citadel Securities LLC

34.  **Marshall, Jonathan J.**, Jenner & Block LLP, counsel for Proposed Intervenor Consolidated Audit Trail, LLC

35.  **Matro, Daniel**, counsel for Respondent United States Securities and

*American Sec. Ass'n, et al. v. U.S. Sec. and Exch. Comm'n*, No. 26-10936

Exchange Commission

36. **MEMX LLC**, subject to the challenged order as a member and participant of CAT LLC

37. **Miami International Holdings, Inc. (NYSE: MIAX)**, indirect owner of 10% or more of interest in Cat LLC, and indirect parent company of Miami International Securities Exchange LLC; MIAX Emerald, LLC; MIAX PEARL, LLC; and MIAX Sapphire, LLC

38. **Miami International Securities Exchange LLC**, subject to the challenged order as a member and participant of CAT LLC

39. **MIAX Emerald, LLC**, subject to the challenged order as a member and participant of CAT LLC

40. **MIAX PEARL, LLC**, subject to the challenged order as a member and participant of CAT LLC

41. **MIAX Sapphire, LLC**, subject to the challenged order as a member and participant of CAT LLC

42. **Montgomery, Sophia W.**, Jenner & Block LLP, counsel for Proposed Intervenor Consolidated Audit Trail, LLC

43. **Nasdaq GEMX, LLC**, Movant

44. **Nasdaq, Inc. (Nasdaq: NDAQ)**, sole owner of LLC interest in The Nasdaq Stock Market, LLC and Nasdaq PHLX, LLC, and parent company of Nasdaq Texas, LLC

45. **Nasdaq ISE, LLC**, Movant

46. **Nasdaq MRX, LLC**, Movant

47. **Nasdaq PHLX LLC**, Movant

48. **The Nasdaq Stock Market LLC**, Movant

49. **Nasdaq Texas, LLC**, Movant

50. **New York Stock Exchange LLC**, subject to the challenged order as a member and participant of CAT LLC

*American Sec. Ass'n, et al. v. U.S. Sec. and Exch. Comm'n*, No. 26-10936

51. **NYSE American LLC**, subject to the challenged order as a member and participant of CAT LLC

52. **NYSE Arca, Inc.**, subject to the challenged order as a member and participant of CAT LLC

53. **NYSE National, Inc.**, subject to the challenged order as a member and participant of CAT LLC

54. **NYSE Texas, Inc.**, subject to the challenged order as a member and participant of CAT LLC

55. **Phillips, David**, Jones Day, counsel for Petitioner Citadel Securities LLC

56. **Rabbitt, Brian C.**, Jones Day, counsel for Petitioner Citadel Securities LLC

57. **Templin, Hannah**, Jones Day, counsel for Petitioner Citadel Securities LLC

58. **United States Securities and Exchange Commission**, Respondent

59. **The Vanguard Group, Inc.**, owner of 10% or more of Cboe Global Markets, Inc. and Nasdaq, Inc.

60. **Warnke, Anne S.**, Jenner & Block LLP, counsel for Proposed Intervenor Consolidated Audit Trail, LLC

*American Sec. Ass'n, et al. v. U.S. Sec. and Exch. Comm'n*, No. 26-10936

No publicly traded company or corporation, other than those identified above or in the certificates of interested persons filed by Petitioner on April 2, 2026; Respondent on April 7, 2026; and Proposed Intervenor CAT LLC on April 1, 2026, has an interest in the outcome of this case. Movants will file an amended certificate of interested persons should they become aware of a change in interests that would affect the disclosures as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-4.

Date:  April 10, 2026

/s/ *Paul Lantieri III*
Stephen J. Kastenberg
Paul Lantieri III
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.665.8500
Facsimile: 215.864.8999
kastenberg@ballardspahr.com
lantierip@ballardspahr.com

*Counsel for The Nasdaq Stock Market LLC, Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, Nasdaq PHLX LLC; and Nasdaq Texas, LLC*

The Nasdaq Stock Market, LLC; Nasdaq GEMX, LLC; Nasdaq ISE, LLC; Nasdaq MRX, LLC; Nasdaq PHLX, LLC; and Nasdaq Texas, LLC (collectively, "Nasdaq" or the "Nasdaq Entities"), respectfully request leave to intervene in support of Respondent, the United States Securities and Exchange Commission ("Commission"), pursuant to Federal Rule of Appellate Procedure 15(d). Respondent has advised it does not object to, and Petitioners have advised they take no position on, this motion. Nasdaq readily satisfies the standard for intervention because it has a direct and substantial interest in this case, which involves the Commission's order approving amendments to the National Market System Plan Governing the Consolidated Audit Trail ("CAT NMS Plan"), a national market system plan applicable to the millions of transactions that occur daily on Nasdaq's exchanges. *See* Joint Industry Plan; Ord. Approving an Amend. to the Nat'l Market Sys. Plan Governing the Consolidated Audit Trail, Exchange Act Release No. 105,003 (Mar. 16, 2026), 91 Fed. Reg. 13,410 (Mar. 19, 2026) ("Temporary Funding Order"). The Temporary Funding Order approves an interim revised model to fund the Consolidated Audit Trail ("CAT"), which captures customer and order information for purposes of regulating trading on the nation's exchanges.

The Eleventh Circuit previously granted Nasdaq's motions to intervene in two separate challenges involving amendments to the CAT NMS Plan after Nasdaq demonstrated that it has a unique interest in litigation concerning the Plan. The first,

1

brought by Petitioners here, also involved a revised model for funding the CAT. The second, brought by Petitioner Citadel Securities LLC, temporarily exempted members of Consolidated Audit Trail, LLC ("CAT LLC"), from requiring that Industry Members report certain quotation data under the CAT NMS Plan. Nasdaq has the same or highly similar interests in this latest petition and should likewise be permitted to intervene here.

## BACKGROUND

The Nasdaq Entities are private, self-regulatory organizations (SROs) registered as national securities exchanges with the Commission. *See* 15 U.S.C. § 78f. Along with other SROs, the Nasdaq Entities participate in the CAT NMS Plan (and are termed "Participants" in the CAT NMS Plan and the Temporary Funding Order).

## I.    Nasdaq was Granted Leave to Intervene in Petitioners' Prior Proceedings Seeking Review of Orders Involving CAT Fees and Costs

On November 15, 2016, the Commission approved the CAT NMS Plan to create, implement, and maintain a CAT that would capture customer and order event information for orders in national market system securities. Joint Industry Plan; Ord. Approving the Nat'l Mkt. Sys. Plan Governing the CAT, Exchange Act Release No. 79,318 (Nov. 15, 2016), 81 Fed. Reg. 84,696 (Nov. 23, 2016). Under the original CAT NMS Plan, Participants paid the costs associated with building and operating

the CAT through fixed, tiered fees based on market share ("Original Funding Model").[1] *Id.* Participants, including Nasdaq, paid ***all*** of the costs associated with building and operating the CAT for the first twelve years of its existence—totaling upwards of $700 million.  Joint Industry Plan; Ord. Approving an Amend. to the Nat'l Mkt. Sys. Plan Governing the CAT, Exchange Act Release No. 98,290 (Sep. 6, 2023), 88 Fed. Reg. 62,628, 62,662 n.749 (Sep. 12, 2023) ("2023 Funding Order"). From the beginning, however, the CAT NMS Plan contemplated that Industry Members would eventually share in both those historical costs and future, ongoing costs. 81 Fed. Reg. at 84,795.

Accordingly, the CAT NMS Plan has been amended from time to time, pursuant to the Commission's and SROs' authority under the Securities Exchange Act of 1934 and corresponding regulations. In May 2020, the Commission approved an amendment establishing certain financial accountability milestones (FAMs) to ensure that Participants timely developed and implemented the CAT NMS Plan reporting requirements. *See* Amends. to the Nat'l Mkt. Sys. Plan Governing the CAT, Exchange Act Release No. 88,890 (May 15, 2020), 85 Fed. Reg. 31,322 (May 22, 2020). That amendment limited Participants' ability to recover CAT-related

---

[1] Under the initial funding model, Participants funded CAT via loans to CAT LLC. Joint Industry Plan; Notice of Filing of Amendment to the National Market System Plan Governing the CAT, Exchange Act Release No. 97,151 (Mar. 15, 2023), 88 Fed. Reg. 17,086 (Mar. 21, 2023).

costs from Industry Members should the CAT not achieve FAM benchmarks by specified dates. *Id.*

And on September 6, 2023, the Commission approved the 2023 Funding Order, an amendment providing for the equitable allocation of CAT costs among Participants and Industry Members. 88 Fed. Reg. 62,628. Under that Order, fees were assessed based on transaction volume (the "Executed Share Model"). *Id.* at 62,629–30. The Executed Share Model allocated fees equitably, such that for each transaction, the executing brokers for the buyer and the seller, and the relevant exchange, each paid one third. *Id.* at 62,630.

Petitioners in this proceeding petitioned for review of the 2023 Funding Order. Pet. for Rev., *Am. Sec. Assoc., et al. v. U.S. Sec. and Exch. Comm'n*, No. 23-13396 (11th Cir. Oct. 17, 2023), ECF No.1. This Court permitted Nasdaq to intervene, *see* Ord. at 2, *Am. Sec.*, No. 23-13396, ECF No. 48-2, based on its direct, substantial, and legally protectable interest in litigation concerning the CAT NMS Plan, and the inability of Petitioners and the Commission to adequately represent Nasdaq's interests. That proceeding culminated in a panel of this Court vacating the 2023 Funding Order on the grounds that the Commission: (1) "did not explain or justify its decision to allow the entirety of CAT costs to be borne by broker-dealers," and (2) "reli[ed] on an incomplete and incompatible past [economic] analysis." *Am. Sec. Ass'n, et al. v. U.S. Sec. & Exch. Comm'n*, 147 F.4th 1264, 1274, 1277 (11th

Cir. 2025).

While that proceeding was pending, the Commission granted CAT LLC's request for an exemption from certain reporting requirements to allow Participants and Industry Members time to build out the necessary technological infrastructure. Ord. Granting a Temp. Conditional Exemption Relating to the Reporting of Responses to Requests for Quotes and Other Solicitation Responses Provided in a Standard Electronic Format, Exchange Act Release No. 100,181 (May 20, 2024), 89 Fed. Reg. 45,715 (May 23, 2024) ("Exemptive Order"). Without the exemption, Nasdaq and other Participants would have been obligated to require their Industry Members to record and electronically report to the CAT a bid/offer in response to a request for quote ("RFQ") or other form of solicitation response that is not "immediately actionable" (*i.e.*, further action is required by the responder providing the RFQ or solicitation response in order to execute a trade) ("RFQ Responses"). CAT NMS Plan § 6.4(d); *see also id.* App'x D. The Exemptive Order provided Industry Members, including Petitioners, extra time to consider and implement the technological and process changes required to capture and report RFQ Responses. Letter from CAT LLC to Vanessa Countryman, Secretary, Commission, at 5 (Feb. 13, 2024).

Petitioner Citadel Securities LLC petitioned for review of the Exemptive Order, *see* Pet. for Review, *Citadel Sec. LLC v. U.S. Sec. and Exch. Comm'n*, No.

24-12300 (11th Cir. Jul. 17, 2024), ECF No. 1, based on the incorrect assertion that the exemption would allow Participants "to pass through hundreds of millions of dollars in CAT costs to broker-dealers" relating to the RFQ Responses, allegedly in violation of FAMs previously imposed by the Commission. *See* Unopposed Mot. to Hold Pet. in Abeyance, *Citadel Sec.*, No. 24-12300 (Jul. 19, 2024), ECF No. 11, at 4–5. Once again, this Court permitted Nasdaq to intervene. *See* Ord. at 2, *Citadel Sec.*, No. 24-12300 (Sep. 11, 2024), ECF No. 34-2. That proceeding is currently being held in abeyance. *See* Ord. at 2, *Citadel Sec.*, No. 24-12300 (Mar. 10, 2026), ECF No. 43.

## II.    Petitioners Now Seek Review and a Stay of the Temporary Funding Order

Following the vacatur of the 2023 Funding Order, the Commission refreshed its economic analysis and, on March 16, 2026, issued the Temporary Funding Order. *See* 91 Fed. Reg. 13,410, 13,457–58. The Temporary Funding Order implements a funding model that "is in most material respects identical to the funding model approved in the [2023 Funding Order], with the exception of the prohibition on new fees to directly pass-through costs incurred by the Participants to Industry Members" ("Temporary Funding Model"). *Id.* at 13,414. As the name suggests, the Order is an interim measure: under the Temporary Funding Order, Participants may not charge Industry Members any CAT-related fees after March 31, 2028, "effectively end[ing]

the collection of fees pursuant to the funding model . . . in two years absent further action by the Commission." *Id.* at 13,412.

Petitioners filed their petition for review of the Temporary Funding Order on March 4, 2026. On April 2, Petitioners moved for a stay pending appeal, arguing: (i) the CAT, and thus the Temporary Funding Order, exceed the Commission's authority; (ii) the allocation of costs violates the Administrative Procedure Act; and (iii) the Commission has mistakenly assumed that the SROs are not legally obligated to fund the CAT even in the absence of a funding model. *See generally* Mot. for Stay, ECF No. 20-1.

## ARGUMENT

Nasdaq seeks leave to intervene in support of the Commission pursuant to Rule 15(d) of the Federal Rules of Appellate Procedure. Nasdaq meets the standard for intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure; and in the alternative, it meets the standard for permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure.[2]

---

[2] Rule 15(d) of the Federal Rules of Appellate Procedure does not provide a standard governing intervention, so Courts applying the rule have turned for guidance to Rule 24 of the Federal Rules of Civil Procedure, which governs intervention in district courts. *See, e.g.*, *Dayton Power & Light Co. v. FERC*, Nos. 21-4072, 22-3351, 23-3196/3324/3366/3417, 2023 U.S. App. LEXIS 20757, at *7–8 (6th Cir. Aug. 9, 2023).

## I.    Nasdaq Readily Satisfies the Standard for Intervention as of Right

A proposed intervenor as of right must show that "(1) it timely applied; (2) it has an interest relating to the property or transaction that is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) its interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (cleaned up). Nasdaq satisfies all four requirements, and is therefore entitled to intervene as of right.

*First*, intervention is timely. This motion was filed within thirty days of the Petition. *See* Fed. R. App. P. 15(d). Further, Nasdaq's intervention at this time would not prejudice any party; Nasdaq, however, would be prejudiced by the denial of its motion to intervene; and there are no unusual circumstances militating against a finding of timeliness. *See Chiles*, 865 F. 2d at 1213 (identifying the relevant timeliness factors).

*Second*, Nasdaq has the requisite "direct, substantial, legally protectable interest" in this proceeding. *See id.* Like the 2023 Funding Order approving the equitable allocation of fees, and the Exemptive Order modifying the requirements for Participants to charge CAT fees and recoup costs, the Temporary Funding Order concerns the historical fees and costs for which Nasdaq has been responsible, as well as the prospective fees and costs that will be allocated to Nasdaq. Therefore, this

8

Court's review will bear directly on Nasdaq's legal obligations.[3] Moreover, courts routinely permit Nasdaq to intervene when a petitioner seeks review of Commission action that fundamentally impacts Nasdaq's obligations and the functioning of the exchanges it operates.[4] Indeed, the *American Securities* and *Citadel Securities* Courts have already found that such an interest warrants Nasdaq's intervention in those closely related proceedings, which likewise implicate Nasdaq's interest in litigation concerning the CAT and its funding.

*Third*, and relatedly, were the Court to reverse or modify the Temporary Funding Order—which Nasdaq believes it should not—Nasdaq's ability to protect

---

[3] For example, Participants are required to file the CAT fees to be charged to Industry Members. CAT NMS Plan, art. XI § 11.3(a)(i)(A)(I). *See also id.* at § 11.3(a)(iii)(B). More generally, the Exchange Act requires that national securities exchanges "provide for the equitable allocation of reasonable dues, fees, and other charges among its members and issuers and other persons using its facilities." 15 U.S.C. § 78f(b)(4).

[4] *See, e.g.*, Ord., *All. for Fair Bd. Recruitment v. U.S. Sec. Exch. Comm'n*, No. 21-60626 (5th Cir. Sep. 8, 2021) (granting Nasdaq's motion to intervene to defend Commission approval of rules proposed by The Nasdaq Stock Market LLC); Ord., *Chicago Bd. Options Exch., Inc. v. U.S. Sec. Exch. Comm'n*, No. 16-3423 (7th Cir. Oct. 14, 2016) (granting Nasdaq's motion to intervene in a matter relating to marketing fees that exchanges charged to market makers); Ord., *Sec. Indus. & Fin. Mkts. Ass'n v. U.S. Sec. Exch. Comm'n*, No. 09-1045 (D.C. Cir. Mar. 20, 2009) (granting Nasdaq's and NYSE Arca, Inc.'s motions to intervene to defend a rule proposed by NYSE Arca, Inc., relating to fees charged for market data); Ord., *Domestic Sec., Inc. v. U.S. Sec. Exch. Comm'n*, No. 02-1308 (D.C. Cir. Nov. 8, 2002) (granting Nasdaq's motion to intervene to defend a rule proposed by Nasdaq to implement a new trade execution system and a rule proposed by NASD governing the establishment and operation of an alternative display facility).

its interests would be impaired if is not allowed to intervene. The Temporary Funding Model provides for an equitable division of CAT fees while the Commission conducts a "comprehensive review of the CAT" itself. 91 Fed. Reg. at 13,411. Further, the CAT tracks orders throughout their life cycle and identifies the broker-dealers handling them, thus helping the exchanges and the Commission identify irregular trading. As such, it facilitates the exchanges' monitoring and surveillance of their markets. If Nasdaq is not permitted to intervene, it would be unable to participate in litigation that affects its day-to-day operations.

*Finally*, no existing party adequately represents Nasdaq's interests. Nasdaq has its own unique interest in the outcome of this proceeding, separate and distinct from the other parties. Petitioners represent the interests of the broker-dealers who seek to overturn the Temporary Funding Model for purely economic reasons, and so "possess interests inimical to" Nasdaq's. *See Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

The Commission represents the interests of the government in, among other things, upholding its rule-making authority. *See Georgia v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) ("agreement on [the] conclusion does not mean that [an existing party] and [a potential intervenor] have identical positions or interests"); *see also Meek v. Metropolitan Dade County.*, 985 F.2d 1471, 1478 (11th Cir. 1993) (finding inadequate representation because

existing government party had to consider interests broader than movants', including "the overall fairness of the . . . system to be employed in the future, the expense of litigation to defend the existing system, and the social and political divisiveness of the . . . issue"). As a market operator, and as a national securities exchange approved by the Commission under Section 6(b) of the Exchange Act with its own regulatory obligations, Nasdaq has interests that will be impaired by successful challenge to the Commission's Order, and those interests are distinct from the Commission's interests in upholding its rule-making authority. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 539 (1972) (finding that a private party benefiting from a government agency's action may have a "narrower interest" than the public interest represented by the government agency); *see also Fund for Animals v. Norton*, 322 F.3d 728, 736–37 (D.C. Cir. 2003) (holding that, often, "governmental entities do not adequately represent the interests of aspiring intervenors").[5]

---

[5] CAT LLC has also sought to intervene in this proceeding. Although Nasdaq is not required to show that its interests differ from another intervening party to intervene as of right, *see* Fed. R. Civ. P. 24(a) ("[T]he court must permit anyone to intervene . . . unless *existing parties* adequately represent that interest" (emphasis added)), it can do so. CAT LLC has twenty-seven member SROs (of which the Nasdaq movants are a minority), and thus Nasdaq might wish to take positions or make arguments different than those of CAT LLC. This "difference in interests is sufficient to overcome the weak presumption of adequate representation." *Stone v. First Union Corp.*, 371 F.3d 1305, 1312 (11ᵗʰ Cir. 2004) (finding inadequate representation when existing party and intervenors sought the same outcome, but "may" have chosen to "emphasize" different arguments).

11

In sum, Nasdaq satisfies all requirements for intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure.

## II. Alternatively, Nasdaq Should be Granted Permissive Intervention.

In the alternative, this Court should permit permissive intervention. Under Rule 24(b) of the Federal Rules of Civil Procedure, the Court may grant permissive intervention when the applicant's "claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Georgia*, 302 F.3d at 1250 (citing *Walker v. Jim Dandy Co.*, 747 F.2d 1360, 1365 (11th Cir. 1984)). That standard, too, is readily satisfied here. The factual grounds and legal arguments that supported the Commission's approval of the Temporary Funding Model, which are likely to be at issue in this case, are common with Nasdaq's own understanding of the relevant issues of fact and law. Nasdaq's intervention will not unduly prejudice or delay the adjudication of the rights of Petitioner or the Commission. Intervention "will not make the case substantially more complex," *United States v. Travelers Cas. & Sur. Co.*, No. 3:21-cv-614-MMH-JRK, 2021 U.S. Dist. LEXIS 218873, at *14 (M.D. Fla. Nov. 12, 2021), nor result in any procedural delay, as no briefing schedule has yet been set in this case and Nasdaq intends to participate in the briefing and argument on the same schedule as the parties, as it did in *American Securities* and promised to do in *Citadel Securities*. *See Georgia*, 302 F.3d at 1259–60 (finding no

prejudice to existing parties where intervention "did not delay the proceedings and the court had yet to take significant action").

## CONCLUSION

For these reasons, Nasdaq respectfully requests that the Court grant its unopposed motion for leave to intervene either as a matter of right or by permission.

Date: April 10, 2026

*/s/ Paul Lantieri III*

Stephen J. Kastenberg
Paul Lantieri III
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.665.8500
Facsimile: 215.864.8999
kastenberg@ballardspahr.com
lantierip@ballardspahr.com

*Counsel for The Nasdaq Stock Market, LLC;*
*Nasdaq GEMX, LLC; Nasdaq ISE, LLC;*
*Nasdaq MRX, LLC; Nasdaq PHLX, LLC;*
*and Nasdaq Texas, LLC*

13

**CERTIFICATE OF SERVICE**

I certify that on April 10, 2026, I electronically filed the foregoing with the United States Court of Appeals for the Eleventh Circuit through the Court's CM/ECF system. Parties represented by registered CM/ECF users will be served by the CM/ECF system.

*/s/ Paul Lantieri III*

Paul Lantieri III

**CERTIFICATE OF CONFERENCE**

I certify that counsel for Nasdaq conferred with counsel for all parties. No parties oppose the relief sought by this motion.

*/s/ Paul Lantieri III*

Paul Lantieri III

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

Pursuant to Federal Rule of Appellate Procedure Rule 32(g)(1), I certify that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d)(1) because this motion was prepared in 14-point Times New Roman, a proportionally-spaced typeface, using Microsoft Word 2016. *See also* Fed. R. App. P. 32(a)(5)–(6). This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 3,534 words,

excluding the parts exempted under Rule 32(f). As permitted by Federal Rule of Appellate Procedure 32(g)(1), the undersigned has relied upon the word count feature of Microsoft Word 2016 in preparing this certificate.

I further certify that: (1) all required privacy redactions have been made, (2) the electronic submission is an exact copy of any corresponding paper document, and (3) the motion has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

*/s/ Paul Lantieri III*
Paul Lantieri III