No. 26-10936

---

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

*American Securities Association et al.,*
Petitioners,

*v.*

*United States Securities and Exchange Commission,*
Respondent

---

## Motion to Intervene by
## Intervenor-Movants New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE National, Inc., and NYSE Texas, Inc.

---

Matthew J. MacLean
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW
Washington, DC 20036
Tel:  202-663-8183
*matthew.maclean@pillsburylaw.com*

Ari M. Berman
David Oliwenstein
Sarah M. Madigan
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, New York 10019
Tel:  212.858.1000
*ari.berman@pillsburylaw.com*
*david.oliwenstein@pillsburylaw.com*
*sarah.madigan@pillsburylaw.com*

*American Securities Association, et al. v.*
*United States Securities and Exchange Commission*
No. 26-10936

*Counsel for Intervenor-Movants New York*
*Stock Exchange LLC, NYSE American LLC,*
*NYSE Arca, Inc., NYSE National, Inc., and*
*NYSE Texas, Inc.*

*American Securities Association, et al. v.*
*United States Securities and Exchange Commission*
No. 26-10936

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-1, Intervenor-Movants New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE National, Inc., and NYSE Texas, Inc. (the "NYSE Intervenors") hereby submit this certificate of interested persons and corporate disclosure statement:

## CERTIFICATE OF INTERESTED PERSONS

1. **24X National Exchange LLC**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

2. **American Securities Association**, Petitioner

3. **Berman, Ari M.**, Pillsbury Winthrop Shaw Pittman LLP, counsel for NYSE Intervenors

4. **Borse Dubai Limited**, owner of 10% or greater interest in Nasdaq, Inc.

5. **BOX Exchange LLC**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

6. **Boyle, Gregory M.**, Jenner & Block LLP, counsel for proposed intervenor Consolidated Audit Trail, LLC, Intervenor

7. **Cboe BYX Exchange, Inc.**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

8. **Cboe BZX Exchange, Inc.**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

9. **Cboe C2 Exchange, Inc.**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

10. **Cboe EDGA Exchange, Inc.**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

11. **Cboe EDGX Exchange, Inc.**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

12. **Cboe Exchange, Inc.**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

13. **Cboe Global Markets, Inc. (BATS: CBOE)**, indirect owner of 10% or greater interest in proposed intervenor Consolidated Audit Trail, LLC, and direct or indirect parent company of Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

14. **Citadel Securities GP LLC**, parent company of Petitioner Citadel Securities LLC

15. **Citadel Securities LLC**, Petitioner

*American Securities Association, et al. v.*
*United States Securities and Exchange Commission*
No. 26-10936

16. **Connolly, J. Michael**, Consovoy McCarthy PLLC, counsel for Petitioner American Securities Association

17. **Consolidated Audit Trail, LLC**, proposed intervenor

18. **Consovoy McCarthy PLLC**, counsel for petitioner American Securities Association

19. **Deutsch, Elizabeth B.**, Jenner & Block LLP, counsel for proposed intervenor Consolidated Audit Trail, LLC

20. **Dinkel, Christopher S.**, Jones Day, counsel for Petitioner Citadel Securities LLC

21. **Financial Industry Regulatory Authority, Inc.**, member and participant of Consolidated Audit Trail, LLC

22. **Francisco, Noel J.**, Jones Day, counsel for Petitioner Citadel Securities LLC

23. **Gershengorn, Ian Heath**, Jenner & Block LLP, counsel for proposed intervenor Consolidated Audit Trail, LLC

24. **Hardin, Tracey A.**, counsel for Respondent U.S. Securities and Exchange Commission

25. **Intercontinental Exchange, Inc. (NYSE: ICE)**, indirect owner of 10% or greater interest in proposed intervenor Consolidated Audit Trail, LLC, and indirect parent of NYSE Intervenors

26. **International Securities Exchange Holdings, Inc.**, parent company of Nasdaq GEMX, LLC, Nasdaq ISE, LLC, and Nasdaq MRX, LLC

27. **Investor AB (Nasdaq Stockholm: INVE B)**, owner of 10% or greater interest in Nasdaq, Inc.

28. **Investors Exchange, LLC**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

29. **Jenner & Block LLP**, counsel for proposed intervenor Consolidated Audit Trail, LLC

30. **Jones Day**, counsel for Petitioner Citadel Securities LLC

31. **Kastenberg, Stephen J.**, Ballard Spahr LLP, counsel for proposed intervenors The Nasdaq Stock Market, LLC, Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, Nasdaq PHLX, LLC, and Nasdaq Texas, LLC

32. **Lantieri III, Paul**, Ballard Spahr LLP, counsel for proposed intervenors The Nasdaq Stock Market, LLC, Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, Nasdaq PHLX, LLC, and Nasdaq Texas, LLC

33. **Long-Term Stock Exchange, Inc.**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

34. **Lucas, Brinton**, Jones Day, counsel for Petitioner Citadel Securities LLC

*American Securities Association, et al. v.*
*United States Securities and Exchange Commission*
No. 26-10936

35. **MacLean, Matthew J.**, Pillsbury Winthrop Shaw Pittman LLP, counsel for NYSE Intervenors

36. **Madigan, Sarah M.**, Pillsbury Winthrop Shaw Pittman LLP, counsel for NYSE Intervenors

37. **Matro, Daniel E.**, counsel for Respondent U.S. Securities and Exchange Commission

38. **Marshall, Jonathan J.**, Jenner & Block, LLP, counsel for proposed intervenor Consolidated Audit Trail, LLC

39. **McGranahan, J. Russell**, counsel for Respondent U.S. Securities and Exchange Commission

40. **MEMX LLC**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

41. **Miami International Holdings, Inc. (NYSE: MIAX)**, indirect owner of 10% or greater interest in proposed intervenor Consolidated Audit Trail, LLC, and indirect parent company of Miami International Securities Exchange LLC, MIAX Emerald, LLC, MIAX PEARL, LLC, and MIAX Sapphire, LLC

42. **Miami International Securities Exchange LLC**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

43. **MIAX Emerald, LLC**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

44. **MIAX PEARL, LLC**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

45. **MIAX Sapphire, LLC**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

46. **Montgomery, Sophia W**., Jenner & Block LLP, counsel for proposed intervenor Consolidated Audit Trail, LLC

47. **Nasdaq GEMX, LLC**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

48. **Nasdaq, Inc. (Nasdaq: NDAQ)**, parent company of Nasdaq PHLX LLC, Nasdaq Texas, LLC, and The Nasdaq Stock Market LLC

49. **Nasdaq ISE, LLC**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

50. **Nasdaq MRX, LLC**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

51. **Nasdaq PHLX LLC**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

*American Securities Association, et al. v.*
*United States Securities and Exchange Commission*
No. 26-10936

52. **Nasdaq Texas, LLC**, member and participant of proposed intervenor Consolidated Audit Trail, LLC

53. **New York Stock Exchange LLC**, Intervenor, member and participant of proposed intervenor Consolidated Audit Trail LLC

54. **NYSE American LLC**, Intervenor, member and participant of proposed intervenor Consolidated Audit Trail LLC

55. **NYSE Arca, Inc.**, Intervenor, member and participant of proposed intervenor Consolidated Audit Trail LLC

56. **NYSE National, Inc.**, Intervenor, member and participant of proposed intervenor Consolidated Audit Trail LLC

57. **NYSE Texas, Inc.**, Intervenor, member and participant of proposed intervenor Consolidated Audit Trail LLC

58. **Oliwenstein, David**, Pillsbury Winthrop Shaw Pittman LLP, counsel for NYSE Intervenors

59. **Phillips, David**, Jones Day, counsel for Petitioner Citadel Securities LLC

60. **Pillsbury Winthrop Shaw Pittman LLP**, counsel for NYSE Intervenors

61. **Rabbitt, Brian C.**, Jones Day, counsel for Petitioner Citadel Securities LLC

62. **Templin, Hannah**, Jones Day, counsel for Petitioner Citadel Securities LLC

*American Securities Association, et al. v.*
*United States Securities and Exchange Commission*
No. 26-10936

63. **The Nasdaq Stock Market LLC**, member and participant of proposed intervenor Consolidated Audit Trail LLC

64. **The Vanguard Group, Inc.**, owner of 10% or greater interest in Cboe Global Markets, Inc., and owner of 10% or greater interest in Nasdaq, Inc.

65. **United States Securities and Exchange Commission**, Respondent

66. **Warnke, Anne S.**, Jenner & Block LLP, counsel for proposed intervenor Consolidated Audit Trail, LLC

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-2, the undersigned counsel hereby certifies that Intervenor-Movants New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE Chicago, Inc., NYSE National, Inc., and NYSE Texas, Inc. are indirect wholly-owned subsidiaries of Intercontinental Exchange, Inc., which is publicly traded under the stock symbol "ICE." ICE has no parent corporation and, as of the date hereof, no publicly held company owns 10% or more of its stock.

*American Securities Association, et al. v.*
*United States Securities and Exchange Commission*
No. 26-10936

## MOTION TO INTERVENE

The NYSE Intervenors respectfully move for leave to intervene in support of Respondent U.S. Securities and Exchange Commission ("SEC"), pursuant to Federal Rule of Appellate Procedure 15(d) and Circuit Rule 15-4.[1]

Petitioners in this matter are seeking review of the SEC's Order Approving an Amendment to the National Market System Plan Governing the Consolidated Audit Trail, as Modified by the Commission, Regarding Implementation of a Revised Funding Model, 91 Fed. Reg. 13,410 (Mar. 19, 2026) ("Temporary Funding Order"), which amended the National Market System Plan Governing the Consolidated Audit Trail ("CAT NMS Plan") to establish a revised funding model and fee schedule for CAT NMS Plan participants and industry members. This amendment was proposed in large part by CAT LLC on behalf of its members (i.e., the self-regulatory organizations that are participants of the CAT NMS Plan), including the NYSE Intervenors, in September 2025, and was approved by the SEC on a modified, two-year, temporary basis. CAT LLC is the entity that exists solely for the purpose of operating the Consolidated Audit Trail ("CAT"). The CAT collects data reported by national securities exchanges, national securities associations, and industry

---

[1] The SEC does not oppose the NYSE Intervenors' motion. Petitioners take no position.

*American Securities Association, et al. v.*
*United States Securities and Exchange Commission*
No. 26-10936

members pursuant to Rule 613 of Regulation National Market System ("Reg NMS"), enabling regulators to surveil the U.S. securities markets.

This Court previously permitted the NYSE Intervenors to intervene in a litigation brought by the same petitioners challenging a related order by the SEC. *See* Order 2, *Am. Sec. Ass'n v. U.S. Sec. & Exch. Comm'n*, No. 23-13396 (11th Cir. Jan. 17, 2024), ECF No. 48-2. That order approved a plan to implement a revised funding model for the CAT. Order Approving an Amendment to the National Market System Plan Governing the Consolidated Audit Trail, 88 Fed. Reg. 62,628, 62,628 (Sep. 12, 2023) ("2023 Funding Order"). In that litigation, the Court vacated and remanded the 2023 Funding Order to the SEC, *Am. Sec. Ass'n v. United States Sec. & Exch. Comm'n*, 147 F.4th 1264, 1269, 1280 (11th Cir. 2025). Now, the SEC has issued the Temporary Funding Order as a result, 91 Fed. Reg. at 13,411. Because this Court previously granted the NYSE Intervenors' motion to intervene, it should do the same here.

Courts applying Fed. R. App. P. 15(d) have turned for guidance to Fed. R. Civ. P. 24, governing intervention in district courts. *See, e.g., Texas v. United States Dep't of Energy*, 754 F.2d 550, 552 (5th Cir. 1985). Fed. R. Civ. P. 24(a)(2) allows intervention as of right if four requirements are met:

(1) the application for intervention must be timely;

*American Securities Association, et al. v.*
*United States Securities and Exchange Commission*
No. 26-10936

(2) the applicant must have an interest relating to the property or transaction which is the subject of the action;

(3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and

(4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Id.*; *accord Loyd v. Ala. Dep't of Corrs.*, 176 F.3d 1336, 1339-40 (11th Cir. 1999). The NYSE Intervenors meet all four requirements.

*Timeliness.*  The NYSE Intervenors filed this motion to intervene within 30 days after the filing of the petition for review, as required by Fed. R. App. P. 15(d) and Eleventh Circuit Rule 15-4.

*Interest Relating to the Subject of the Action.*  The NYSE Intervenors are self-regulatory organizations, or "SROs," with responsibility under the Securities Exchange Act of 1934 and SEC rules for regulating the securities markets. *See* 2023 Funding Order, 88 Fed. Reg. at 62,672; Consolidated Audit Trail, 77 Fed. Reg. 45,722, 45,726 (Aug. 1, 2012).  They and other SROs were required by Rule 613 of Reg NMS to propose the CAT NMS Plan, which the SEC approved on November 15, 2016.  Order Approving the National Market System Plan Governing the Consolidated Audit Trail, Securities Exchange Act Release No. 34-79318 (Nov. 15, 2016), 81 Fed. Reg. 84696 (Nov. 23, 2016).  As the SEC has previously recognized,

the CAT—the funding of which is the principal purpose of the Temporary Funding Order—has "regulatory and enforcement utility" to the NYSE Intervenors and other SROs.  2023 Funding Order, 88 Fed. Reg. at 62,672.

Each of the NYSE Intervenors is a "Participant" in the CAT NMS Plan and a member of the Operating Committee of Consolidated Audit Trail, LLC ("CAT LLC").  *See* Temporary Funding Order, 91 Fed. Reg. at 13,410 n.1; 2023 Funding Order, 88 Fed. Reg. at 62,628 n.1.  By virtue of their role as Participants, each of the NYSE Intervenors participates in the funding of the CAT and is subject to the revised funding model for CAT NMS Plan Participants established by the SEC's Temporary Funding Order, which allocates CAT LLC's costs among CAT NMS Plan Participants and industry members.  *See* Temporary Funding Order, 91 Fed. Reg. at 13,412; 2023 Funding Order, 88 Fed. Reg. at 62,628.

The Temporary Funding Order provides for CAT LLC to use collected funds to repay in part loan notes extended by the Participants, including the NYSE Intervenors, to fund CAT LLC's operations, 91 Fed. Reg. at 13,414, 13,453, and further provides that Participants pay CAT fees related to prospective CAT costs, *id.*, 91 Fed. Reg. at 13,453.  Unlike the 2023 Funding Order, it provides that no Participant shall directly pass through to industry members its portion of CAT fees. *Id.*, 91 Fed. Reg. at 13,413.  Therefore, the NYSE Intervenors have a direct pecuniary

interest in the outcome of this Court's review of the Order Approving Amendment. As they were in the litigation challenging the 2023 Funding Order, each of the NYSE Intervenors is "at least a real party in interest in the transaction which is the subject of the proceeding" with "a direct, substantial, legally protectable interest in the proceedings." *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 594 (11th Cir. 1991) (citations omitted).

*Disposition of the Action May Impair or Impede the NYSE Intervenors' Interests.* "The nature of [a proposed intervenor's] interest and the effect that the disposition of the lawsuit will have on their ability to protect that interest are closely related issues." *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989). If Petitioners' challenge to the Temporary Funding Order is successful, the NYSE Intervenors' interests in securing funding for the operation of CAT LLC and seeking repayment of the extensive loans that the NYSE Intervenors' have made to CAT LLC will be impeded, as that order established a funding model that would ensure costs of the CAT were allocated equitably and would enable the NYSE Intervenors to recoup funds for the repayment of its loan notes. Pursuant to the CAT NMS Plan and Rule 613 of Reg NMS, CAT costs must be shared by the Participants and the industry members. *See* CAT NMS Plan § 11.1(c) ("To fund the development and implementation of the CAT, the Company shall time the imposition and collection

of all fees on Participants and Industry Members . . . . [S]uch fees, costs and expenses shall be fairly and reasonably shared among the Participants and Industry Members."). The inability to secure future funding, through the approval of a funding model for CAT, could also jeopardize the NYSE Intervenors' ability to meet its regulatory obligations under the CAT NMS Plan and Rule 613 of Reg NMS.

*Inadequacy of Representation of Interests By Existing Parties.* "[T]he inadequate representation requirement 'is satisfied if the [proposed intervenor] shows that representation of his interest "may be" inadequate,'" and the proposed intervenor's "'burden of making that showing should be treated as minimal.'" *Chiles*, 865 F.2d at 1214 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972) (2d alteration in original)). The NYSE Intervenors' interests are not represented adequately by the SEC. "A government entity . . . is charged by law with representing the public interest of its citizens. [A private entity], on the other hand, is seeking to protect a more narrow and 'parochial' financial interest" that is not "subsumed" within the shared public interest. *Dimond v. Dist. of Columbia*, 792 F.2d 179, 192-93 (D.C. Cir. 1986). Courts generally have not found private intervenors to be adequately represented by government agencies. *Id.*; *see also Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003) ("[W]e have often concluded that governmental entities do not adequately represent the

interests of aspiring intervenors."), *abrogated on other grounds by Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 674 n.6 (2020). Here, the NYSE Intervenors have unique pecuniary and other interests that are not shared by the SEC, and which the SEC has no inherent interest in protecting. Specifically, the NYSE Intervenors have a unique interest in recouping the hundreds of millions of dollars they have spent developing the CAT. To date, Participants, including the NYSE Intervenors, have paid over $700 million in costs to fund the CAT. *See* 2023 Funding Order, 88 Fed. Reg. at 62,662 n.749 (noting $518 million in historical CAT costs through 2022 and $233 million in anticipated costs in 2023). While the SEC may have a general interest in ensuring that the CAT is funded prospectively, the agency does not share NYSE's interest in recouping the NYSE Intervenors' extensive costs incurred to date.

The NYSE Intervenors' interests also are distinct from CAT LLC's interests. Although the NYSE Intervenors and CAT LLC share certain interests in obtaining funding for CAT LLC and administering the CAT NMS Plan, the NYSE Intervenors' pecuniary interests in obtaining repayment of their loans to CAT LLC—which exists solely for the purpose of operating the CAT—are of a different nature than CAT LLC's interests. Further, the NYSE Intervenors, unlike CAT LLC, are SROs with regulatory obligations to comply with Rule 613 and the CAT NMS Plan, as well as

a regulatory mandate to surveil the markets and enforce SRO rules and the federal securities laws.  CAT LLC facilitates the SROs' ability to surveil their markets by collecting and centralizing data from transactions occurring on their exchanges. CAT LLC, however, consists of twenty-seven member SROs, and the NYSE Intervenors may take unique positions or make unique arguments separate and apart from CAT LLC.  The NYSE Intervenors' regulatory obligations and pecuniary interests therefore constitute a sufficient divergence of interest to entitle the NYSE Intervenors to intervene separately from CAT LLC.

Because the Temporary Funding Order and any successful challenge to that order would affect the NYSE Intervenors' obligations with respect to funding of the CAT NMS Plan, each of the NYSE Intervenors is a party "whose interests are affected by the order of the agency" (28 U.S.C. § 2348) who may intervene as a matter of right under Fed. R. App. P. 15(d), as informed by Fed. R. Civ. P. 24(a).

Alternatively, the NYSE Intervenors also easily satisfy the less stringent standard for permissive intervention under Fed. R. Civ. P. 24(b) because they have "a claim or defense that shares with the main action a common question of law or fact" and their intervention will not "unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b).

For all these reasons, the NYSE Intervenors respectfully request leave to intervene.

Dated:  April 10, 2026          Respectfully submitted,

**New York Stock Exchange LLC**
**NYSE American LLC**
**NYSE Arca, Inc.**
**NYSE National, Inc.**
**NYSE Texas, Inc.**


        */s/ Matthew J. MacLean*
Matthew J. MacLean
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW
Washington, DC  20036
Tel:  202-663-8183
*matthew.maclean@pillsburylaw.com*

Ari M. Berman
David Oliwenstein
Sarah M. Madigan
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, New York 10019
Tel:  212.858.1000
*ari.berman@pillsburylaw.com*
*david.oliwenstein@pillsburylaw.com*
*sarah.madigan@pillsburylaw.com*

*Counsel for Intervenor-Movants New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE National, Inc., and NYSE Texas, Inc.*

*American Securities Association, et al. v.*
*United States Securities and Exchange Commission*
No. 26-10936

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on April 10, 2026, a copy of the foregoing was served upon counsel of record for all parties by filing through the electronic case filing system.

*/s/ Matthew J. MacLean*
Matthew J. MacLean

*American Securities Association, et al. v.*
*United States Securities and Exchange Commission*
No. 26-10936

## CERTIFICATE OF CONFERRAL

The NYSE Intervenors represent that they conferred in good faith with the parties to this appeal and represent that Respondent United States Securities and Exchange Commission consents to the instant motion, and Petitioners American Securities Association and Citadel Securities LLC take no position.


*/s/ Matthew J. MacLean*
Matthew J. MacLean

*American Securities Association, et al. v.*
*United States Securities and Exchange Commission*
No. 26-10936

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,878 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in plain, Times New Roman style 14 font size.

*/s/ Matthew J. MacLean*
Matthew J. MacLean