**C.A. No. 26-10936**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

AMERICAN SECURITIES ASSOCIATION AND CITADEL SECURITIES LLC,

*Petitioners*,

v.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

*Respondent*.

On Petition for Review of an Order of the
United States Securities and Exchange Commission
SEC Release No. 34-105003

**UNOPPOSED MOTION FOR LEAVE TO INTERVENE IN SUPPORT OF RESPONDENT BY CBOE BYX EXCHANGE, INC., CBOE BZX EXCHANGE, INC., CBOE C2 EXCHANGE, INC., CBOE EDGA EXCHANGE, INC., CBOE EDGX EXCHANGE, INC., AND CBOE EXCHANGE, INC.**

Paul E. Greenwalt III
Michael K. Molzberger
ARENTFOX SCHIFF LLP
233 S. Wacker Dr., Suite 7100
Chicago, IL 60606
Phone: (312) 258-5500
paul.greenwalt@afslaw.com
michael.molzberger@afslaw.com

J. Maxwell Heckendorn
ARENTFOX SCHIFF LLP
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
max.heckendorn@afslaw.com

*Counsel for Proposed Intervenors Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc.*

*American Securities Association and Citadel Securities LLC v.*
*United States Securities and Exchange Commission,*

C.A. No. 26-10936

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

**<u>CERTIFICATE OF INTERESTED PERSONS</u>**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, the undersigned counsel of record for Movants Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc., (the "Cboe Exchanges") certifies that the persons and entities below are currently known to have an interest in the outcome of this case:

1.    **24X National Exchanger LLC**, Member and participant of CAT LLC

2.    **American Securities Association,** Petitioner.

3.    **ArentFox Schiff LLP**, Counsel for the Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc., which each intend to move to intervene in this matter by April 13, 2026.

4.    **BOX Exchange LLC,** Member and participant of CAT LLC.

5.    **Boyle, Gregory M.,** Counsel for CAT LLC.

6.    **Cboe BYX Exchange, Inc.**, Member and participant of CAT LLC.

7.    **Cboe BZX Exchange, Inc.**, Member and participant of CAT LLC.

8.    **Cboe C2 Exchange, Inc.**, Member and participant of CAT LLC.

C-1 of 8

*American Securities Association and Citadel Securities LLC v.*
*United States Securities and Exchange Commission,*

C.A. No. 26-10936

9.  **Cboe EDGA Exchange, Inc.**, Member and participant of CAT LLC.

10.  **Cboe EDGX Exchange, Inc.**, Member and participant of CAT LLC.

11.  **Cboe Exchange, Inc.**, Member and participant of CAT LLC.

12.  **Cboe Global Markets, Inc.** (BATS: CBOE), Indirect Owner of 10% or Greater Interest in CAT LLC, and Direct or Indirect Parent Company of Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc.

13.  **Citadel Securities GP LLC**, Parent company of Petitioner.

14.  **Citadel Securities LLC**, Petitioner.

15.  **Connolly, J. Michael**, Counsel of record for Petitioner American Securities Association.

16.  **Consolidated Audit Trail, LLC (“CAT LLC”),** a jointly owned limited liability company formed under Delaware state law through which the participants conduct the activities of the CAT NMS Plan.

17.  **Consovoy McCarthy PLLC**, Counsel for Petitioner American Securities Association.

18.  **Deutsch, Elizabeth B.**, Counsel for CAT LLC.

19.  **Dinkel, Christopher S.**, Counsel for Petitioner Citadel Securities LLC.

*American Securities Association and Citadel Securities LLC v.*
*United States Securities and Exchange Commission,*

C.A. No. 26-10936

20.    **Financial Industry Regulatory Authority, Inc.**, Member and participant of CAT LLC.

21.    **Francisco, Noel J.**, Counsel of record for Petitioner Citadel Securities LLC.

22.    **Gershengorn, Ian Heath**, Counsel of Record for CAT LLC.

23.    **Greenwalt, Paul, III**, ArentFox Schiff, Counsel for Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

24.    **Heckendorn, J. Maxwell**, ArentFox Schiff, Counsel for Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

25.    **Investors Exchange LLC**, Member and participant of CAT LLC.

26.    **Jenner & Block LLP**, Counsel for CAT LLC.

27.    **Jones Day**, Counsel for Petitioner Citadel Securities LLC.

28.    **Long-Term Stock Exchange, Inc.**, Member and participant of CAT LLC.

29.    **Lucas, Brinton**, Counsel for Petitioner Citadel Securities LLC.

30.    **Marshall, Jonathan J.**, Counsel for CAT LLC.

*American Securities Association and Citadel Securities LLC v.*
*United States Securities and Exchange Commission*,

C.A. No. 26-10936

31. **Matro, Daniel**, counsel for Respondent U.S. Securities and Exchange Commission.

32. **MEMX LLC**, Member and participant of CAT LLC.

33. **Miami International Securities Exchange LLC**, Member and participant of CAT LLC.

34. **MIAX Emerald, LLC**, Member and participant of CAT LLC.

35. **MIAX PEARL, LLC**, Member and participant of CAT LLC.

36. **MIAX Sapphire, LLC**, Member and participant of CAT LLC.

37. **Molzberger, Michael**, ArentFox Schiff, counsel for Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

38. **Montgomery, Sophia W.**, Counsel for CAT LLC.

39. **Nasdaq GEMX, LLC**, Member and participant of CAT LLC.

40. **Nasdaq ISE, LLC**, Member and participant of CAT LLC.

41. **Nasdaq MRX, LLC**, Member and participant of CAT LLC.

42. **Nasdaq PHLX LLC**, Member and participant of CAT LLC.

43. **Nasdaq Texas, LLC**, Member and participant of CAT LLC.

44. **New York Stock Exchange LLC**, Member and participant of CAT LLC.

*American Securities Association and Citadel Securities LLC v.*
*United States Securities and Exchange Commission,*

C.A. No. 26-10936

45.    **NYSE American LLC**, Member and participant of CAT LLC.

46.    **NYSE Arca, Inc.**, Member and participant of CAT LLC.

47.    **NYSE National, Inc.**, Member and participant of CAT LLC.

48.    **NYSE Texas, Inc.**, Member and participant of CAT LLC.

49.    **Phillips, David**, Counsel for Petitioner Citadel Securities LLC.

50.    **Rabbitt, Brian C.**, Counsel for Petitioner Citadel Securities LLC.

51.    **Templin, Hannah**, Counsel for Petitioner Citadel Securities LLC.

52.    **The Nasdaq Stock Market LLC**, Member and participant of CAT LLC.

53.    **The Vanguard Group, Inc.**, Owner of 10% or Greater Interest in Cboe Global Markets, Inc., and Owner of 10% or Greater Interest in Nasdaq, Inc.

54.    **United States Securities and Exchange Commission**, Respondent.

55.    **Warnke, Anne S.**, Counsel for CAT LLC.

Dated: April 13, 2026                    Respectfully submitted,

                                        */s/ Paul E. Greenwalt III*
                                        Paul E. Greenwalt III
                                        Michael K. Molzberger
                                        ARENTFOX SCHIFF LLP
                                        233 S. Wacker Dr., Suite 7100
                                        Chicago, IL 60606
                                        (312) 258-5702
                                        paul.greenwalt@afslaw.com
                                        michael.molzberger@afslaw.com

*American Securities Association and Citadel Securities LLC v.*
*United States Securities and Exchange Commission*,

C.A. No. 26-10936

J. Maxwell Heckendorn
ARENTFOX SCHIFF LLP
1301 Avenue of the Americas,
42nd Floor
New York, NY 10019
max.heckendorn@afslaw.com
*Counsel for Proposed Intervenors*
*Cboe BYX Exchange, Inc., Cboe BZX*
*Exchange, Inc., Cboe C2 Exchange,*
*Inc. Cboe EDGA Exchange, Inc., Cboe*
*EDGX Exchange, Inc., and Cboe*
*Exchange, Inc*

*American Securities Association and Citadel Securities LLC v.*
*United States Securities and Exchange Commission,*

C.A. No. 26-10936

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-2, the undersigned counsel of record certifies that Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc. are each a direct or indirect wholly-owned subsidiary of Cboe Global Markets, Inc. (ticker symbol "CBOE"), a public company. Cboe Global Markets, Inc. has no parent corporation. The Vanguard Group, Inc., a privately held corporation, holds more than 10% of Cboe Global Markets, Inc.'s shares.[1]

Dated: April 13, 2026                Respectfully submitted,

                                    /s/ Paul E. Greenwalt III
                                    Paul E. Greenwalt III
                                    Michael K. Molzberger
                                    ARENTFOX SCHIFF LLP
                                    233 S. Wacker Dr., Suite 7100
                                    Chicago, IL 60606
                                    (312) 258-5702

---

[1] This information is current as of December 31, 2025. On March 26, 2026, The Vanguard Group, Inc. filed a Schedule 13G/A noting that, following an internal realignment that occurred on January 12, 2026, certain subsidiaries or business divisions of subsidiaries of The Vanguard Group, Inc. will report beneficial ownership separately and The Vanguard Group, Inc. will no longer have beneficial ownership of Cboe shares. Cboe will file an updated corporate disclosure, if and when new information becomes available.

*American Securities Association and Citadel Securities LLC v.*
*United States Securities and Exchange Commission*,

C.A. No. 26-10936

paul.greenwalt@afslaw.com
michael.molzberger@afslaw.com

J. Maxwell Heckendorn
ARENTFOX SCHIFF LLP
1301 Avenue of the Americas,
42nd Floor
New York, NY 10019
max.heckendorn@afslaw.com

*Counsel for Proposed Intervenors Cboe*
*BYX Exchange, Inc., Cboe BZX*
*Exchange, Inc., Cboe C2 Exchange,*
*Inc. Cboe EDGA Exchange, Inc., Cboe*
*EDGX Exchange, Inc., and Cboe*
*Exchange, Inc.*

C-8 of 8

Pursuant to Federal Rule of Appellate Procedure 15(d) and Circuit Rule 15-4, Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc. (collectively, the "Cboe Exchanges") respectfully move for leave to intervene in support of Respondent United States Securities and Exchange Commission ("Commission" or "SEC").

On March 24, 2026, Citadel Securities LLC ("Citadel") and the American Securities Association ("ASA") (collectively, "Petitioners") petitioned this Court for review of a Commission order approving, on a temporary basis, a revised funding model related to the National Market System Plan Governing the Consolidated Audit Trail (the "CAT NMS Plan"). *See* Order Approving an Amendment to the National Market System Plan Governing the Consolidated Audit Trail, as Modified by the Commission, Regarding Implementation of a Revised Funding Model, Release No. 34-105003; File No. 4-698, entered on March 16, 2026, 91 Fed. Reg. 13,410 (Mar. 19, 2026) (the "2026 Temporary Funding Order").

On April 2, 2026, Petitioners moved to stay the collection of all Consolidated Audit Trail ("CAT") related fees under the 2026 Temporary Funding Order during the pendency of this appeal. *See* Opposed Motion for Stay, ECF No. 20-1 (Apr. 2, 2026) (the "Stay Motion"). The Stay Motion presents issues with immediate financial and regulatory consequences for the Cboe Exchanges, including whether a

1

funding framework remains in place during appellate review and whether they may continue to recoup on non-interest bearing loans that they previously advanced for the creation and operation of the CAT to the Consolidated Audit Trail, LLC ("CAT LLC") and its predecessor, CAT NMS, LLC, which were formed to operate the CAT NMS Plan.  The Stay Motion only further underscores the importance of the Cboe Exchanges' participation in this appeal.

This is not the first time the Cboe Exchanges have sought to intervene in litigation challenging the Commission's actions with respect to the CAT. In 2023, Citadel and ASA petitioned this Court for review of the Commission's prior order approving a funding model for the CAT NMS Plan. *See ASA v. SEC*, No. 23-13396 (11th Cir.) (the "2023 Appeal" or "*ASA I*"). Over Citadel and ASA's objection, the Court granted the Cboe Exchanges, certain other exchanges, and the Consolidated Audit Trail, LLC leave to intervene. *ASA v. SEC*, No. 23-13396, ECF No. 48 (11th Cir., Jan. 17, 2024). The Cboe Exchanges were likewise granted leave to intervene in *Citadel Securities LLC v. SEC*, No. 24-12300 ECF No. 34 (11th Cir. Sep. 11, 2024) (the "CAT Exemptive Order Appeal"), in which Citadel is challenging a Commission exemptive order related to the CAT NMS Plan.

The Cboe Exchanges should again be granted leave to intervene in this appeal for the same reasons their intervention was appropriate—and granted—in the 2023 Appeal and the CAT Exemptive Order Appeal. The Cboe Exchanges have direct

pecuniary and regulatory interests in the outcome of this appeal, which concerns the funding of the CAT NMS Plan. Petitioners' challenge to the 2026 Temporary Funding Order threatens to impair those interests. Accordingly, the Cboe Exchanges respectfully move to intervene in support of the Commission. Petitioners take no position with respect to this Motion, and Respondent does not oppose it.

## BACKGROUND

### A.    The Creation and Funding of the CAT

On July 11, 2012, the Commission adopted Rule 613 of Regulation NMS, which required that certain self-regulatory organizations ("SROs," also referred to as "Participants") submit a national market system plan to create, implement, and maintain a consolidated audit trail that would capture customer and order event information for orders in national market system securities. *See* 17 C.F.R. § 242.613.

On November 15, 2016, the Commission approved the CAT NMS Plan. *See* Joint Industry Plan; Order Approving the National Market System Plan Governing the Consolidated Audit Trail; Release No. 34-79318; File No. 4-698, entered on November 15, 2016, 81 Fed. Reg. 84696 (Nov. 23, 2016) (the "2016 CAT NMS Plan Order"). The CAT NMS Plan "functions as the limited liability company agreement of the jointly owned limited liability company formed under Delaware state law through which the Participants conduct the activities of" CAT LLC. Joint Industry Plan; Order Approving an Amendment to the National Market System Plan

3

Governing the Consolidated Audit Trail, Release No. 34-98290; File No. 4-698, entered on September 6, 2023, 88 Fed. Reg. 62,628 n.2 (Sept. 12, 2023) (the "2023 Funding Order"). Each Participant[2] is a member of CAT LLC and jointly owns CAT LLC on an equal basis. *Id.*

The CAT NMS Plan was formed to create, implement, and maintain the CAT, which is the central repository responsible for the receipt, consolidation, and retention of all information reported to the CAT pursuant to SEC Rules 608 and 613, including information pertaining to trading activity on the Cboe Exchanges. *See* 17 C.F.R. §§ 608 and 613.

From the adoption of Rule 613 in 2012 until the 2023 Funding Order (discussed below) was implemented in 2024, the Cboe Exchanges and other SROs that are Participants in the CAT NMS Plan funded the development and operation

---

[2] The Participants of the CAT NMS Plan currently are: 24X National Exchange LLC, BOX Exchange LLC, Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe Exchange, Inc., Financial Industry Regulatory Authority, Inc., Investors' Exchange LLC, Long-Term Stock Exchange, Inc., MEMX LLC, Miami International Securities Exchange LLC, MIAX Emerald, LLC, MIAX PEARL, LLC, MIAX Sapphire, LLC, Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, Nasdaq PHLX LLC, Nasdaq Texas, LLC, The Nasdaq Stock Market LLC, New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE National, Inc., and NYSE Texas, Inc.

of the CAT by loaning hundreds of millions of dollars to CAT LLC, as evidenced by promissory notes issued by CAT LLC and its predecessor CAT NMS, LLC.

When adopting Rule 613 in 2012 and later approving the CAT NMS Plan in 2016, the Commission did not specify the respective funding shares of SROs and broker dealers, instead making clear that fee proposals addressing broker dealer funding would be submitted at a later date. *Cf. Am. Sec. Ass'n v. SEC*, 147 F.4th 1264, 1271 (11th Cir. 2025) ("*ASA I*"). Those orders—unchallenged by Petitioners or any other party—expressly contemplated shared funding responsibility for the CAT between SROs and broker dealers.

**B.    The 2023 Funding Order and the Decision in *ASA I.***

In the 2023 Funding Order, the Commission approved an amendment to the CAT NMS Plan to implement a revised funding model. Pursuant to the 2023 Funding Order, costs for operating the CAT NMS Plan would be allocated equitably among Participants and "Industry Members" (including Citadel and members of ASA). The revised funding model "base[d] the CAT fees on executed share volume" and "divide[d] costs evenly between the three entities who have primary roles in a transaction: (1) the buy-side executing broker, (2) the sell-side executing broker, and (3) the [SRO] involved in the transaction." *ASA I*, 147 F.4th at 1272.

The 2023 Funding Order allowed CAT LLC (1) to assess fees to Industry Members that would be used to pay a portion of the loans previously made by the

5

Participants, including the Cboe Exchanges, so that the Participants could begin recovering a portion of the hundreds of millions of dollars they had incurred developing and operating the CAT NMS Plan, and (2) to assess fees to Participants and Industry Members for ongoing funding of CAT. *See* 2023 Funding Order, 88 Fed. Reg. at 62662 and 62682 n.1102.

In the 2023 Appeal, Citadel and ASA petitioned this Court to review the 2023 Funding Order. The Cboe Exchanges moved for leave to intervene in the 2023 Appeal because of their direct pecuniary and regulatory interests in the outcome of the challenge to the 2023 Funding Order. Over Citadel and ASA's objection, this Court granted the Cboe Exchanges, certain other Participants, and CAT LLC leave to intervene. *ASA v. SEC*, No. 23-13396, ECF No. 48 (11th Cir. Jan. 17, 2024).

A panel of this Court later vacated the 2023 Funding Order on narrow grounds, holding that (1) the Commission failed to justify what would arguably amount to the potential ultimate (re)allocation of all CAT costs to broker-dealers should each SRO independently determine to pass along their CAT LLC-allocated fees to their respective members and should the SRO fee filings become effective, and (2) the Commission was required to update its economic analysis to reflect changes in CAT costs and the funding model since the CAT NMS Plan's adoption in 2016. *Id.* at 1274–78. The Court stayed its judgment for 60 days after issuance of the mandate to permit continued fee collection, in recognition of the fact that

vacating the funding order would "leave[] the CAT without a mechanism for the equitable allocation of costs between [SROs] and broker-dealers." *Id.* at 1280. The stay on this Court's judgment expired on November 29, 2025.

In sum, the SROs alone—including the Cboe Exchanges—bore all CAT development, implementation, and maintenance costs from 2012 through mid-2024. Under the 2023 Funding Order, CAT LLC was able to collect trading-based fees for trades occurring (1) between October 2024 and November 2025 from Industry Members to remit payment to the SROs for a portion of the previously provided non-interest bearing loans which related to the historical costs for the creation and operation of CAT, and (2) between September 2024 and November 2025 from SROs (for one-third) and Industry Members (for two-thirds) of ongoing CAT operating costs.

## C.    The 2026 Temporary Funding Order

On March 16, 2026, the Commission issued the 2026 Temporary Funding Order, which approves, for an interim period, a proposed amendment to the CAT NMS Plan implementing a revised funding model intended to address the deficiencies identified in *ASA I. See* 91 Fed. Reg. at 13,410–11. Specifically, the 2026 Temporary Funding Order prohibits direct pass-through of SROs' one-third share of assessed CAT fees, analyzes the effects of any indirect pass-through, and updates the economic analysis for the duration of the order. As was the case under

the 2023 Funding Order, two-thirds of assessed CAT fees are borne by broker-dealers (one-third by the buy-side broker-dealer in a particular trade and one-third by the sell-side broker-dealer) and one-third is borne by the SROs. *See id.* at 13,412.

The Commission's 2026 Temporary Funding Order comes with a significant limitation: it only remains in effect for approximately two years. Under the amended CAT NMS Plan, CAT LLC may not assess CAT-related fees after March 31, 2028, thereby "effectively end[ing] the collection of fees pursuant to the funding model . . . in two years absent further action by the Commission." *Id.* According to the Commission, this sunset provision aligns with its ongoing "comprehensive review of the CAT," including "its design and functionality, the scope of information it collects, and an examination of CAT costs." *Id.* at 13,411.

The 2026 Temporary Funding Order will allow the Cboe Exchanges (and other SROs) to continue recouping a portion of the historical non-interest bearing loans they have previously provided to CAT LLC for over more than ten years to support the CAT, restoring the longstanding regulatory commitment in place since the initial adoption of the CAT program in 2012.  The 2026 Temporary Funding Order also restores the longstanding regulatory commitment—in place since the initial adoption of the CAT program in 2012—that ongoing prospective CAT costs will be allocated in the first instance between SROs and broker-dealers. If Petitioners' challenge is successful, CAT LLC will lack the ability to assess fees to

Industry Members, resulting in the Cboe Exchanges' (and other SROs') ability to recover a portion of the amounts they previously loaned to CAT LLC to support the CAT being further delayed or frustrated (at continued significant carrying costs to the SROs). Moreover, CAT LLC will, once again, lack the ability to impose fees necessary to fund the ongoing CAT operations required under the CAT NMS Plan and Rule 613.

## ARGUMENT

The Cboe Exchanges seek to intervene in this case to protect their direct financial and regulatory interests related to the 2026 Temporary Funding Order and the CAT NMS Plan. The 2026 Temporary Funding Order is the successor to the order at issue in the 2023 Appeal, and this Court has already recognized the Cboe Exchanges' concrete stake in that litigation by granting its prior motion to intervene. This case challenges the revised funding framework that governs whether, and on what terms, Participants, like the Cboe Exchanges, and Industry Members are required to continue to fund the CAT on an ongoing basis for the period of the temporary order and whether, and on what terms, the Participants, like the Cboe Exchanges, will continue to recover a portion of their past CAT-related expenditures that were advanced to CAT LLC in the form of non-interest bearing loans. Given that this appeal threatens the same interests that this Court previously deemed

sufficient for intervention—and because the Cboe Exchanges satisfy Rule 24's procedural and substantive requirements—leave to intervene should be granted.

Federal Rule of Appellate Procedure 15(d) permits a party to intervene in a proceeding to review an agency action if a motion to intervene is timely, is served on all parties, and "contain[s] a concise statement of the interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d). Generally, a motion to intervene in a case seeking review of an agency action must be filed within 30 days of the petition for review. *Id.*; Cir. R. 15-4. This Motion satisfies the procedural requirements for intervention. The Motion is timely because it was filed within 30 days of March 24, 2026, the date on which Petitioners filed their Petition for Review. The Motion has been served on all parties. Finally, this Motion's text contains "a concise statement of [the Cboe Exchanges'] interest . . . and the grounds for intervention." Fed. R. App. P. 15(d).

The Cboe Exchanges also satisfy the substantive requirements for intervention. Because "[n]o statute or rule provides a general standard to apply in deciding whether intervention on appeal should be allowed," appellate courts often look to "the policies underlying intervention in the district courts," including "the legal 'interest' that a party seeks to 'protect' through intervention on appeal." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 276-77 (2022). Under Federal Rule of Civil Procedure 24(a)(2), a timely motion for intervention

10

must be granted when the following requirements are met: (1) the applicant has an interest relating to the subject of the action, (2) disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest, and (3) the applicant's interest would not be represented adequately by the existing parties to the suit. Fed. R. Civ. P. 24(a)(2).

First, the "subject of the action" is the 2026 Temporary Funding Order, which concerns the funding model for the CAT and the allocation of costs among the SROs and broker-dealers. The Cboe Exchanges have a clear interest relating to the recoupment of the amounts that they previously have advanced to fund CAT costs, including more than $100 million in outstanding promissory notes for which they expect to recoup from CAT LLC via the historical fees that CAT LLC is authorized to assess to Industry Members. The Cboe Exchanges also have an interest in ensuring that the CAT's ongoing operational costs are adequately funded, which will facilitate the Cboe Exchanges' ability to satisfy their regulatory obligations in their role as SROs and Participants in the CAT NMS Plan.

Furthermore, CAT LLC's ability to make payments on the promissory notes that it has entered into with the Cboe Exchanges and the other Participants, and the Cboe Exchanges' and the other Participants' ability to recoup the funding that they provided, is tied to Petitioners' challenge to the 2026 Temporary Funding Order. *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989) ("Where a party seeking

11

to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action," the potential effects "may supply the practical disadvantage which warrants intervention as of right."). Indeed, this Court has twice previously granted the Cboe Exchanges leave to intervene in appeals challenging related Commission orders concerning the CAT NMS Plan for precisely these reasons. *See ASA v. SEC*, No. 23-13396, ECF No. 48 (11th Cir. Jan. 17, 2024); *Citadel Securities LLC v. SEC*, No. 24-12300, ECF No. 34 (11th Cir. Sep. 11, 2024).

Second, and closely related, "disposing of the action may as a practical matter impair or impede [the Cboe Exchanges'] ability to protect [their] interest[s]." Fed. R. Civ. P. 24(a)(2). This appeal may be the Cboe Exchanges' only opportunity to refute Petitioners' arguments and defend the Commission's 2026 Temporary Funding Order. If Petitioners prevail, the CAT's and the CAT NMS Plan's continued ability to operate could be threatened and the Cboe Exchanges also would lack a mechanism by which they could recoup on the more than $100 million outstanding in loans that they have made to CAT LLC to fund CAT.

Third, no other party can adequately represent the Cboe Exchanges' interests in this matter. "The requirement of [Rule 24] is satisfied if the [movant] shows that representation of [its] interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *see also Berger v. North Carolina State Conference of the*

12

*NAACP*, 597 U.S. 179, 195 (2022) (the inadequacy of representation requirement "present[s] proposed intervenors with only a minimal challenge"); *Stone v. First Union Corp.*, 371 F.3d 1305, 1311 (11th Cir. 2004) (proposed-intervenor "need only show that current [parties'] representation 'may be inadequate,'" and "the burden for making such a showing is minimal"); *Huff v. Comm'r of IRS*, 743 F.3d 790, 800–01 (11th Cir. 2014); *Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1259 (11th Cir. 2002); *Dimond v. District of Columbia*, 792 F.2d 179, 192–93 (D.C. Cir. 1986).

The Commission's interest in this action is distinct and separate from that of the Cboe Exchanges. While a government agency has a duty to represent the public interest, a private party benefitting from the agency's action may have a "narrower interest" than the public itself, and therefore, representation of that narrow interest by the government agency is not adequate to preclude intervention. *Trbovich*, 404 U.S. at 538; *see also Fund for Animals v. Norton*, 322 F.3d 728, 736–37 (D.C. Cir. 2003) (holding that, often, "governmental entities do not adequately represent the interests of aspiring intervenors"). Here, the Commission's interest centers on defending its rulemaking authority and discretion and ensuring the continued operation of CAT; the Cboe Exchanges, on the other hand, face direct financial exposure and consequences depending on whether the funding framework remains in effect. Because the Cboe Exchanges' interests in this case are different than the

Commission's, the Cboe Exchanges can present different arguments than the Commission, or present arguments in a substantially different manner, thus offering a crucial perspective as a vigorous and helpful supplement to the Commission's defense of the 2026 Temporary Funding Order.

Likewise, CAT LLC's interests, assuming it is granted leave to intervene, are distinct from those of the Cboe Exchanges. The Cboe Exchanges have a unique interest in ensuring that their ability to recoup their substantial historical expenditures is maintained. They also have independent regulatory interests and obligations that CAT LLC does not share, because SROs, like the Cboe Exchanges, have a "prominent role in the administration and enforcement of federal securities law." *Turbeville v. Financial Industry Regulatory Authority*, 874 F.3d 1268, 1270 (11th Cir. 2017).

This Court and other circuits thus routinely permit private parties to intervene in appeals from administrative agency actions when the party is the proponent or subject of the agency action under review. *See, e.g.*, *Autauga Cnty. Emergency Mgmt. Commc'n Dist. v. FCC*, 17 F.4th 88, 98 (11th Cir. 2021); *Ala. Envtl. Council v. Adm'r, U.S. EPA*, 711 F.3d 1277, 1284, 1292 (11th Cir. 2013) (authorizing Alabama Power to intervene in appeal of approval order benefiting Alabama Power); *All. for Fair Bd. Recruitment v. SEC*, 85 F.4th 226, 239 (5th Cir. 2023) (authorizing Nasdaq Stock Market LLC to intervene in appeal to defend SEC approval of rules

14

proposed by Nasdaq), *vacated on grant of reh'g en banc*, No. 21-60626, 2024 WL 670403 (5th Cir. Feb. 19, 2024); *Cboe Futures Exch., LLC v. SEC*, 77 F.4th 971, 976 (D.C. Cir. 2023) (authorizing MGEX, a futures market participant, to intervene in appeal concerning exemptive order exempting MGEX from certain regulatory requirements); *Bloomberg L.P. v. SEC*, 45 F.4th 462, 465 (D.C. Cir. 2022).

The importance of the Cboe Exchanges' intervention is underscored by the Stay Motion, which seeks to halt the collection of all CAT-related fees under the 2026 Temporary Funding Order while this appeal is pending. If granted, the Stay Motion would inflict immediate and concrete harm by eliminating the Cboe Exchanges' ability to recoup on the outstanding promissory notes they have advanced over several years to fund the CAT.

The Stay Motion also is premised on disputed assertions regarding the SROs' legal obligations, their motivations, and the practical effects of the 2026 Temporary Funding Order, all of which the Cboe Exchanges are uniquely positioned to address. Granting intervention promptly will ensure the Cboe Exchanges' interests are fully and fairly protected with respect to both the Stay Motion and the merits of this appeal.

In addition to satisfying the requirements for leave to intervene as of right, the Cboe Exchanges also satisfy the requirements for permissive intervention. Even when a party cannot satisfy the requirements for mandatory intervention, courts may

15

still permit a party to intervene if the intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). For the same reasons that mandatory intervention is appropriate, the Cboe Exchanges also satisfy the standard for permissive intervention.

Finally, this Court has held that an intervenor need not show Article III standing separate from meeting the requirements of Federal Rule of Civil Procedure 24. *See Chiles*, 865 F.2d at 1213 ("We therefore hold that a party seeking to intervene need not demonstrate that he has standing in addition to meeting the requirements of Rule 24 as long as there exists a justiciable case and controversy between the parties already in the lawsuit"). Even if a separate showing on Article III standing were required, however, the Cboe Exchanges have standing because a decision on the merits of this appeal will have a direct economic and regulatory impact on the Cboe Exchanges. *See, e.g.*, *Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 317 (D.C. Cir. 2015) ("Our cases have generally found a sufficient injury in fact where a party benefits from agency action, the action is then challenged in court, and an unfavorable decision would remove the party's benefit.").

## CONCLUSION

For the foregoing reasons, the Cboe Exchanges respectfully request that this Court grant their Unopposed Motion for Leave to Intervene, either as a matter of right or by permission, in support of the Commission.

Dated: April 13, 2026                              Respectfully submitted,

<u>*/s/ Paul E. Greenwalt III*</u>
Paul E. Greenwalt III
Michael K. Molzberger
ARENTFOX SCHIFF LLP
233 S. Wacker Dr., Suite 7100
Chicago, IL 60606
(312) 258-5702
paul.greenwalt@afslaw.com
michael.molzberger@afslaw.com

J. Maxwell Heckendorn
ARENTFOX SCHIFF LLP
1301 Avenue of the Americas,
42nd Floor
New York, NY 10019
max.heckendorn@afslaw.com

*Counsel for Proposed Intervenors Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc. Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc.*

17

**CERTIFICATE OF CONFERENCE**

I certify that counsel for the Cboe Exchanges conferred with counsel for all parties.  Petitioners take no position on the Motion; Respondent does not oppose this Motion.

*/s/ Paul E. Greenwalt III*
Paul E. Greenwalt III

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

I certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 3,765 words, excluding the parts exempted under Rule 32(f).

I further certify that this motion complies with the typeface requirements set forth in Federal Rule of Appellate Procedure 27(d)(1)(E) and with the type-style requirements set forth in Federal Rule of Appellate Procedure 32(a)(5) and 32(a)(6) because this motion was prepared in 14-point Times New Roman, a proportionally-spaced typeface, using Microsoft Word.

Dated: April 13, 2026

*/s/ Paul E. Greenwalt III*
Paul E. Greenwalt III